**BI–STATE DEVELOPMENT AGENCY, Plaintiff/Appellant,**

and

**Arcelia Cannon, Plaintiff/Respondent,**

v.

**Richard WATSON, Defendant.**

No. ED 77358.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 27, 2001.

Debbie S. Champion, Kynearson, Suess, Schnurbusch & Champion, St. Louis, MO, for appellant Bi–State Development Agency.

William E. Sorrell, Sorrell & Traube, St. Louis, MO, for respondent Arcelia Cannon.

Arthur F. Clark, St. Louis, MO, for defendant Richard Watson.

Before MARY K. HOFF, C.J., KATHIANNE KNAUP CRANE, J. and ROBERT O. SNYDER, Sr. J.

PER CURIAM.

Plaintiff, an employee bus driver, sustained injuries in a bus accident in the course of her employment for which she received workers' compensation benefits. She obtained a judgment in the amount of $8,200 against the other driver in the accident. The trial court denied her employer and co-plaintiff's motion to amend the judgment to reflect its subrogation interest under Section 287.150 RSMo (1994). Employer appeals. We reverse for the reason that employer was entitled to its subrogation interest. We remand to the trial court to determine who effected the recovery and to determine the proper allocation of the recovery.

Plaintiff, Arcelia Cannon, a bus driver for co-plaintiff, Bi–State Development Agency (Bi–State), was injured when a car driven by defendant, Richard Watson, collided with her bus. Bi–State paid Cannon

$6,194.51 for medical expenses and $7,822.93 for temporary disability pursuant to the workers' compensation statute.

Roger Shell, a passenger on Cannon's bus, filed a lawsuit against Watson, Cannon, and Bi–State. Bi–State filed an answer, affirmative defense, and cross claim on behalf of itself and Cannon against Watson. Shell's case was dismissed and the case proceeded on Bi–State's and Cannon's claims against Watson. Watson filed an offer of judgment on June 29, 1999. On August 23, 1999 the trial court refused to approve the settlement on the grounds that the same attorney represented both Bi–State and Cannon, which it found to be a conflict of interest. The trial court ordered Cannon to find an attorney within 60 days and proceed to trial. A new attorney subsequently entered his appearance on behalf of Cannon.

After a two-day trial, the jury returned a verdict for Cannon in the amount of $5,500. Cannon moved for additur on the grounds that her medical bills and lost wages were undisputed and exceeded $18,000. The court granted the motion and entered judgment in the amount of $8,200. Bi–State moved to amend the judgment to award to it its subrogation interest. The trial court denied this motion on the grounds that Bi–State had waived its subrogation interest by engaging in a conflict of interest when its attorney represented Cannon.

■ Bi–State first asserts that the trial court erred when it failed to award Bi–State its workers' compensation subrogation interest. Bi–State argues that Section 287.150 mandates that it recover its subrogation interest, and that its actions before or during the trial are irrelevant to its right to recover under Section 287.150. Bi–State is correct and Cannon does not dispute this point.

■ The workers' compensation statutes provide a no-fault system of compensation for workers. *Akers v. Warson Garden Apartments*, 961 S.W.2d 50, 56 (Mo. banc 1998). "The purpose of the subrogation statute is to protect and benefit the employer liable for compensation, and the statute is designed to afford indemnity for compensation payable by the employer." *Id.* The statute is designed to prevent a double recovery by the employee. *Id.* Section 287.150.1 mandates employer subrogation. This section contains no provision that an employer forfeits its subrogation rights because of its fault. *Id.* at 55. Applying these principles, our Southern District has held that an employer's subrogation rights were not abrogated by its employee's wrongful conduct in providing false testimony in a workers' compensation hearing. *Bridges v. Van Enterprises*, 992 S.W.2d 322 (Mo.App.1999). Under these same principles, the trial court erred in denying Bi–State's statutory subrogation rights on the basis of waiver.

■ Bi–State next contends that it was entitled to the full amount of its subrogation interest because it effected its own recovery of the funds. The resolution of this question depends on who "effected" the recovery as defined in *Maryland Casualty Co. v. General Electric Co.*, 418 S.W.2d 115, 117 (Mo. banc 1967).

■ If the recovery was "effected by the employer," Section 287.150.1 applies to the distribution of the recovery. However, if the recovery was "effected by the employee," Section 287.150.3 controls the allocation of the judgment. If both parties contributed to effect the recovery, then each party bears its own fees and expenses from its share of the recovery. *Parker v. Laclede Gas Co.*, 770 S.W.2d 461, 463–64 (Mo.App.1989).

The trial court did not reach the question of who effected the recovery. This disputed question should be resolved in the first instance by the trial court. Then the trial court should apply the appropriate statute or rule of law to determine the proper allocation of this recovery.

We reverse and remand for further proceedings consistent with this opinion.