Patricia KINCADE, Respondent,

v.

**TREASURER OF the STATE OF MIS-SOURI, as Custodian of Second Injury Fund, Appellant/Additional Party.**

No. ED 80631.

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 17, 2002.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jagadeesh B. Mandava, St. Louis, MO, for appellant.

Evan J. Beatty, St. Louis, MO, for respondent.

LAWRENCE G. CRAHAN, Judge.

The Treasurer of the State of Missouri as the Custodian of the Second Injury Fund ("SIF" or "the Fund") appeals the award of the Labor and Industrial Relations Commission's ("Commission") finding that Patricia Kincade ("Claimant") is entitled to payments from the Fund for the remainder of her life. SIF claims the Commission erred in finding Claimant's claim against the Fund to be within the time limitations designated in Section 287.430 RSMo 2000 [1] and that the evidence does not support the Commission's determination that Claimant's prior injuries were an obstacle to employment. We affirm.

1. All statutory references are the RSMo 2000, unless otherwise specified.

On January 20, 1995, Claimant injured her back while working as a Licensed Practical Nurse at the Country View Nursing Facility ("Employer"). Prior to that, in 1983, Claimant began to suffer from depression for which she still receives treatment. She also suffered an earlier back injury in 1991.

In June 1995, Claimant filed her first Worker's Compensation claim against Employer only. She received her last payment from this claim on March 12, 1997. On May 19, 1997, Claimant asked that the 1995 claim be dismissed without prejudice. On November 14, 1997, she refiled her claim against Employer. Simultaneously, Claimant filed her first claim against the Fund.

The Commission found Claimant to be permanently and totally disabled as a result of the combined effects of the two back injuries and the depression. Additionally, the Commission found the following;

It is clear that [Claimant] is not permanently and totally disabled due to the 1/20/95 injury alone. The 1991 back injury was actually more serious than the 1/20/95 back injury. In the absence of the 1991 back injury and the other preexisting disabilities, [Claimant] clearly could compete on the open market.

The law is well settled that our review of the Commission's determinations of questions of law is *de novo*. *Davis v. Research Medical Center*, 903 S.W.2d 557, 560 (Mo. App.1995).

■ In its first point, SIF asserts that the Commission erred in allowing disability benefits because Claimant did not timely file a claim against the Fund. SIF contends that Claimant's application for benefits must have been filed within one year of the original claim she filed against Employer. Since her original claim was filed on June 19, 1995, SIF claims Claimant's application to the Fund needed to have been filed no later than June 19, 1996 and she filed on November 14, 1997. We disagree.

For claims against an employer, section 287.430 provides: "no proceedings for compensation under this chapter shall be maintained unless a claim therefore is filed with the division within two years after the date of injury or death, or the last payment made under this chapter on account of the injury or death." For claims against the Fund, section 287.430 provides: "[a] claim against the second injury fund shall be filed within two years after the date of the injury or within one year after a claim is filed against any employer or insurer pursuant to this chapter, whichever is later." The Commission's regulations further provide: "[a] claim for compensation may be voluntarily dismissed with or without prejudice at any time prior to the introduction of evidence at a hearing. The claim for compensation may be refiled by claimant so long as the statute of limitations has not run." 8 C.S.R. Section 50–2.050(12)(A) (1995).

■ In interpreting statutes, this court recognizes several tenets of statutory interpretation. We use rules of statutory construction that subserve rather than subvert legislative intent. *Jenkins v. Missouri Farmers Ass'n, Inc.*, 851 S.W.2d 542, 545 (Mo.App.1993). In addition, we will not construe the statute so as to work unreasonable, oppressive or absurd results. *Id.* Words contained in a statute should be given their plain and ordinary meaning. *McCollum v. Director of Revenue*, 906 S.W.2d 368, 369 (Mo.1995). Provisions of the entire legislative act must be construed together and, if reasonably possible, all provisions must be harmonized. *Hagely v. Board of Education of Webster Groves School District*, 841 S.W.2d 663, 667 (Mo.1992). In workers' compensation

cases, we broadly and liberally interpret the law with a view to the public interest and with an understanding that the law is intended to extend its benefits to the largest possible class. *Wolfgeher v. Wagner Cartage Serv., Inc.*, 646 S.W.2d 781, 783 (Mo. banc 1983).

We find the plain meaning of section 287.430 to mean claims against the Fund must be filed within a year of *any timely* claim against the employer. SIF's interpretation would subvert the legislature's intent as stated in section 287.430. The legislature provided that application for compensation against the employer within two years of the last payment would be considered timely. If SIF's interpretation were correct claimant would potentially have the burden of proving the combined effect of the primary and prior injuries will be permanently disabling without the benefit of sufficient recovery time or sufficient time for rehabilitation.

SIF bases its argument on its interpretation of section 287.430 asserting that the employee has two years from the injury or one year from the *original* claim filed against Employer in which to file a claim against the Fund. Such an interpretation impermissibly adds language to the statute. Moreover, SIF does not explain how the limitation it suggests can be reconciled with the legislature's intent to extend benefits to the largest possible class. *Id.*

SIF relies on *Jefferson v. Ford Motor Company*, 2000 WL 33534503 (Mo. LIRC 2000), and *Williams v. St. Louis Community College*, 1999 WL 689866 (Mo. LIRC 1999). Both cases are distinguishable. In *Jefferson*, the claimant did not file against the Fund until five years after the injury and two years, eight months after the claim against the employer. *Jefferson, supra* at 2. In *Williams*, the claimant filed against the Fund three and one-half years after the injury and three years after her claim against the employer. *Williams, su-*

*pra* at 2. In this case, Claimant filed against the Employer eight months after receiving her last payment. She filed her claims against Employer and the Fund simultaneously.

Under the Commission's regulations, the dismissal of the 1995 application did not invalidate Claimant's eligibility unless the reapplication was not filed within the timeframes listed in section 287.430. 8 C.S.R. Section 50–2.050(12)(A) (1995). A reapplication filed within two years of the last payment is considered timely. Section 287.430. Claimant's last payment was March 12, 1997. She refiled her claim on November 14, 1997, clearly within the two year timeframe. Since her reapplication for benefits was a timely application, the application for benefits from the Fund had to be filed no later than November 13, 1998. Claimant filed against the Fund on November 14, 1997. This was a valid, timely, claim against the Fund. SIF's first point is denied.

In its second point, SIF argues Claimant failed to present evidence to substantiate that her preexisting injuries were a significant hindrance to employment and consequently the Fund should not be liable for permanent total disability benefits. We have carefully reviewed the record and find that the Commission's award is supported by substantial evidence and is not against the weight of the evidence. Extended discussion would be of no precedential value. We deny SIF's second point pursuant to Rule 84.16(b).

For the foregoing reasons, we affirm the award.

LAWRENCE E. MOONEY, C.J., and CHARLES B. BLACKMAR, Sr.J., Concur.