James ETLING, Jr., (deceased), James
Etling, Sr., et al., Appellants,

v.

WESTPORT HEATING & COOLING
SERVICES, INC., Respondent.

No. SC 84510.

Supreme Court of Missouri,
En Banc.

Jan. 14, 2003.

Thomas A. Connelly, St. Louis, for Appellants.

Patrick N. McHugh, Linda M. Blasi, St. Louis, for Respondent.

PER CURIAM.

### I.

James and Janice Etling (Appellants) are the nondependent parents of an adult son who was killed in an accident at work. Appellants sued Westport Heating & Cooling Service, Inc. (Respondent), seeking benefits under sec. 287.240.[1] The Labor and Industrial Relations Commission denied the claim. Because Appellants challenge the constitutionality of this worker's compensation provision that allows death benefits for dependents under Missouri's open-courts doctrine, MO. CONST. art. I, sec. 14, and on Equal Protection grounds, MO. CONST. art. I, sec. 2, this Court has jurisdiction. MO. CONST. art. V, sec. 3.

### II.

The facts are not in dispute. James Etling, Jr., was employed by Westport Heating & Cooling Service, Inc. (Respondent) on May 24, 2000. That day, while acting in the course and scope of his employment, he died from electrocution. Pursuant to worker's compensation law, sec. 287.240(1), the employee's medical and burial expenses were paid.

---

1. All further statutory references are to RSMo 2000 unless indicated otherwise.

Appellants are the deceased's nondependent parents and sought additional death benefits under the same statute. Those benefits were denied because Appellants are not "dependents." On appeal, Appellants challenge the constitutionality of sec. 287.240(1), arguing first that they are entitled to such benefits under the open-courts doctrine, MO. CONST. art. I, sec. 14; and second that the statute violates the equal protection clause, MO. CONST. art. 1, sec. 2.

For reasons set forth below, the decision of the Commission is affirmed.

## III.

▆▆▆ Statutes are presumed to be constitutional, and the party attacking the constitutionality of a statute "bears an extremely heavy burden."[2] This Court will not invalidate a statute "unless it clearly and undoubtedly contravenes the constitution and plainly and palpably affronts fundamental law embodied" therein.[3]

## IV.

In its entirety, the Missouri open-courts provision, § MO. CONST. art. I, sec. 14, found in the Bill of Rights, states as follows:

That the courts of justice shall be open to every person, and certain remedy afforded for every injury to person, property or character, and that right and justice shall be administered without sale, denial or delay.

▆▆▆ This Court recently reaffirmed that the open-courts provision was effected to

prohibit "any law that arbitrarily or unreasonably bars individuals or classes of individuals from accessing our courts in order to enforce recognized causes of action for personal injury."[4] Often the question turns on whether a statute imposes a procedural bar to access the courts or whether the statute substantively changes or limits the right to recovery.[5] Appellants extrapolate from these principles that the worker's compensation statute in question "arbitrarily and unreasonably bars a class of individuals"—nondependent relatives—from bringing a wrongful-death action against the deceased's employer.

▆▆▆ The flaw in Appellants' argument is that it attacks the substance of the very statute that gives rise to the remedy of wrongful death against an employer rather than alleging a viable procedural hurdle. Missouri does not recognize a common law cause of action for wrongful death.[6] Therefore, recovery for wrongful death against an employer is available solely by way of sec. 287.240(1). In short, except as provided by statute, there is no *right* to recover against employers for wrongful death.

▆▆▆ Because there is no right to recover, the fact that Appellants were barred by statute from maintaining such action did not violate their right to be heard in court, and the restriction cannot be said to be arbitrary or unreasonable. In so holding, this Court notes that Appellants have not alleged a true procedural hurdle (within

---

**2.** *Linton v. Missouri Veterinary Med. Bd.*, 988 S.W.2d 513, 515 (Mo. banc 1999) (citation omitted).

**3.** *Id.* (citation omitted).

**4.** *Kilmer v. Mun*, 17 S.W.3d 545, 549 (Mo. banc 2000).

**5.** *Adams By and Through Adams v. Children's Mercy Hosp.*, 832 S.W.2d 898, 905 (Mo. banc 1992).

**6.** *Sullivan v. Carlisle*, 851 S.W.2d 510, 516 (Mo. banc 1993).

the statute or otherwise) that prevents them from accessing the courts.[7]

■ The open-courts provision "was not designed to create rights, but only to allow a person claiming those rights access to the courts when such a person has a legitimate claim recognized by the law."[8] The statute creating a wrongful-death action for dependents is not violative of the open-courts doctrine simply because the legislature desires to exclude a class from maintaining an action.[9] To strike the statute because it does not allow Appellants a mode of remedy would amount to the judicial creation of a cause of action, an act not contemplated by this provision.

## V.

■ Appellants' related argument is that the worker's compensation statute in question violates the Equal Protection clause of the Missouri Constitution, MO. CONST. art. I, sec. 2, because it infringes upon the "fundamental right" of access to the courts.

■ In deciding whether a statute violates the Equal Protection clause, this Court engages in a two-part analysis. The first step is to determine whether the classification "operates to the disadvantage of some suspect class or impinges upon a fundamental right explicitly or implicitly protected by the Constitution."[10] If so, the classification is subject to strict scrutiny and this Court must determine whether it is necessary to accomplish a compelling state interest.[11] If not, review is limited to determining whether the classification is rationally related to a legitimate state interest.[12] Suspect classes are classes such as race, national origin or illegitimacy that "command extraordinary protection from the majoritarian political process" for historical reasons.[13] Fundamental rights include the rights to free speech, to vote, to freedom of interstate travel, and other basic liberties.[14]

Appellants argue that sec. 287.240(1) warrants strict scrutiny because the open-courts provision confers a "fundamental right" to access to the courts. While this Court has held that access to the courts shall not be hindered by any law that "arbitrarily or unreasonably" bars access to enforcing a recognized cause of action for personal injury,[15] because Appellants

---

**7.** In their reply brief, Appellants note that initially the worker's compensation act was not mandatory. They argue that, assuming the parties had elected out of the worker's compensation laws, at one time they might have recovered under what is now codified at sec. 537.080, which provides for a cause of action for wrongful death to parents in some circumstances. However, the legislature has the power to create or abolish causes of action, or limit recovery, as the legislature apparently did here. *Adams*, 832 S.W.2d at 907. If this Court adopted Appellants' argument, then every time the legislature created or eliminated or modified a cause of action for a class, someone could allege a violation of the open-courts doctrine.

**8.** *W.B. v. M.G.R.*, 955 S.W.2d 935, 938 (Mo. banc 1997); *see also Goodrum v. Asplundh Tree Expert Co.*, 824 S.W.2d 6, 9 (Mo. banc 1992)(right of access simply means the right to pursue in the courts the causes of action the substantive law recognizes) (citations omitted).

**9.** *See supra* note 5.

**10.** *Marriage of Kohring*, 999 S.W.2d 228, 231–232 (Mo. banc 1999) (citations omitted).

**11.** *Id.*

**12.** *Id.*

**13.** *Riche v. Director of Revenue*, 987 S.W.2d 331, 336 (Mo. banc 1999) (citations omitted).

**14.** *Id.*

**15.** *Kilmer*, 17 S.W.3d at 549.

allege no viable procedural hurdle (as discussed above), the open-courts provision is not implicated in this case. Further, Appellants make no argument that they are part of a suspect class.

In the absence of being denied a fundamental right or being part of a suspect class, this Court reviews the classes of dependent and nondependent heirs to determine whether the distinction is rationally related to a legitimate state interest. Under this standard, a court will strike down the challenged legislation only if the classification "rests on grounds wholly irrelevant to the achievement of the state's objective." [16]

The legislative objective behind the distinction of dependent and nondependent heirs is evident in the statute's definition of "dependent." There, the legislature chose to include those who were related to the deceased and who were "actually dependent in whole or in part, upon his or her wages at the time of the injury." Sec. 287.240(4)(b). No doubt the legislature sought to allow recovery to those financially harmed by the death of an employee, by providing for burial expenses to anyone who paid them and by providing additional compensation to those reliant on the wages the deceased provided. Excluding nondependent heirs is rationally related to a legitimate purpose of compensating those financially harmed and thus does not offend notions of equal protection.

## VI.

The decision of the Commission is affirmed.