Roxanne **KERPERIEN**, Respondent,

v.

**LUMBERMAN'S MUTUAL CASUALTY COMPANY,**
Appellant.

No. SC 84747.

Supreme Court of Missouri,
En Banc.

March 4, 2003.

Rehearing Denied April 22, 2003.

James W. Reeves, St. Louis, for Appellee.

Todd N. Hendrickson, Clayton, for Respondent.

RONNIE L. WHITE, J.

## I.

This case involves the subrogation provision of the Missouri Worker's Compensation Law, section 287.150(3).[1] The question is how a post-verdict settlement with a third party affects the subrogation right of an employer (or in this case, the employer's insurer) for remuneration made prior to the resolution with the third party.

This Court granted transfer after opinion by the court of appeals and has jurisdiction. MO. CONST. ART. V, SEC. 10. The trial court's judgment is affirmed, though modified.

## II.

The facts are not in dispute. Respondent Roxanne Kerperien was injured in an accident arising out of and in the course of her employment with a cleaning service. Her employer's worker's compensation insurer, the appellant, paid a total of $116,119.53 in compensation benefits for disability and medical expenses.

Kerperien then filed in federal court a negligence action against the manufacturer whose machinery caused the injury. In that suit, the jury awarded damages of $2,500,000, finding that the manufacturer's negligence was responsible for 75 percent of the damages and that Kerperien was 25 percent at fault. The federal district court entered judgment against the defendant for $1,875,000 (75 percent of the original jury award). The manufacturer made post-trial motions. While those motions were pending, Kerperien and the manufacturer reached a settlement of $1,175,000 in full discharge of the claim. Kerperien paid attorneys fees of $470,000 and expenses of $31,505.80.

---

1. All further statutory references are to RSMo 2000 unless indicated otherwise.

As set out below, because Kerperien and the insurer could not agree on the amount due for reimbursement of the worker's compensation benefits under section 287.150.3, Kerperien filed a declaratory judgment action. The trial court ruled in favor of Kerperien's proffered amount, and the insurer appeals.

## III.

The standard of review in declaratory judgment cases is the same as in any other court-tried case.[2] This Court will affirm the decision of the trial court "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law."[3]

## IV.

At issue is the language of section 287.150.3:

Whenever recovery against the third person is effected by the employee or his dependents, the employer shall pay from his share of the recovery a proportionate share of the expenses of the recovery, including a reasonable attorney fee. After the expenses and attorney fee have been paid the balance of the recovery shall be apportioned between the employer and the employee or his dependents in the same ratio that the amount due the employer bears to the total amount recovered if there is no finding of comparative fault on the part of the employee, or the total damages determined by the trier of fact if there is a finding of comparative fault on the part of the employee. . . .

The parties agree that the statute typically requires three steps.

The first step is to calculate the employee's net recovery:

Gross Recovery (GR)—Attorneys Fees (AF)—Expenses (E) = Net Recovery (NR).

The second step is to determine the ratio contemplated in the statute:

Employer's Payment (EP) / Total Amount Recovered or Total Damages (T) = Ratio (R).

The third step is to apply the ratio to the net recovery to determine subrogation amount: NR X R.

Because there was a finding of comparative fault and then a settlement, proper determination of the ratio, step 2, is contested. Specifically, the parties dispute whether to use the "total damages" because there was a finding of comparative fault or the "total amount recovered" because the parties settled post verdict. Both parties agree that the "total damages" are $2,500,000 and that the "total amount recovered" is $1,175,000—the sole question is which of those two figures is applied in the ratio here.

Kerperien contends that, based on the plain language of the statute, where there is a finding of comparative fault, the portion of the statute relating to comparative fault is applicable, regardless of whether there is a post-verdict settlement. The insurer argues that the post-verdict settlement renders the comparative fault finding moot and that the settlement is considered the "total amount recovered" for purposes of determining the ratio.

The insurer's reading of the statute yields the following calculations: $1,175,000 (GR)-$470,000 (AF)-$31,505.80

---

**2.** *Lueckenotte v. Lueckenotte,* 34 S.W.3d 387, 393 (Mo. banc 2001).

**3.** *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

(E) = $673,494.20 [4] (NR). The ratio of the insurer's payments of $116,192.53 to the settlement amount of $1,175,000 ("total amount recovered") would be .09888726.[5] Therefore, the amount the insurer claims due is: $673,494.20 X .09888726 = $66,600. The insurer argues such reading follows the "purpose and intent" behind section 287.150.3 by incorporating the amount actually recovered and by protecting the employer, who had no input in the settlement.

�they Properly determining the ratio requires application of principles of statutory interpretation. "Where the language of a statute is unambiguous, courts must give effect to the language used by the legislature."[6] This Court has a duty to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider words used in their plain and ordinary meaning.[7] Rules of construction are not to be used if the statute contains no ambiguity.[8]

In this case, the legislature made no specific provision for a post-trial settlement. Rather, the statute addresses only two situations: where an amount is recovered with a finding of comparative fault, and where an amount is recovered without a finding of comparative fault. The statute does not contain an ambiguity, nor does it direct the path advocated by the insurer of judicially nullifying the jury's findings. Quite likely, the legislature did not contemplate post-verdict settlements after a determination of comparative fault. Regardless, it is not within this Court's province to rewrite the statute to so provide.[9] Moreover, any contention that inclusion of the comparative fault finding amounts to a "double recovery" for the employee [10] in this case is misplaced; for, without the jury findings, a settlement agreement in that amount would not have been fashioned.[11]

4. Both parties and the trial court miscalculated that number as $668,494.20.

5. All ratios have been rounded to the eighth decimal place, patterned after *Ruediger v. Kallmeyer Bros. Serv.*, 501 S.W.2d 56 (Mo. banc 1973).

6. *American Standard Ins. Co. v. Hargrave*, 34 S.W.3d 88, 90 (Mo. banc 2000) (citation omitted).

7. *Newman v. Ford Motor Co.*, 975 S.W.2d 147, 154 (Mo. banc 1998) (citation omitted).

8. *Id.* at 155.

9. *See Ruediger*, 501 S.W.2d at 60 (recognized potential inequity in disallowing employee from adjusting formula in section 287.150.3 to reflect employee's payment of attorney fees in third-party action but followed plain language of earlier version that did not mention attorney fees).

10. *See Akers v. Warson Garden Apartments*, 961 S.W.2d 50, 56 (Mo. banc 1998)("double

recovery" by employee has been described as "evil to be avoided").

11. Any concern about the order vacating the third-party judgment is misplaced. For, as noted above, the settlement could only have been shaped following the jury verdict and was effected to avoid appeals and possible retrial. The manufacturer attempted to settle the third-party action before trial for a mere $50,000. The jury verdict and subsequent settlement expose the seriousness of Kerperien's injuries and lay bare the inadequacy of that offer. The manufacturer no doubt was swayed to settle by the jury verdict. Had Kerperien elected not to try the case, the insurer's recovery from Kerperien's third-party action would have been substantially less, if anything at all.

Using the amount of the jury verdict not only follows the plain language of the statute, but also it furthers this state's long-standing public policy of encouraging settlement. In future cases, a person such as Kerperien— forced to trial when initial settlement talks failed and then faced with the precarious nature of appeals—would be inhibited by the notion of settling with the third party post

Following the plain language of the statute, then, the proper determination of the insurer's recovery requires consideration of the comparative fault finding. Therefore, the correct calculation is as follows: $1,175,000 (GR) -$470,000 (AF) $31,505.80 (E) = $673,494.20 (NR). Under section 287.150.3,—the ratio based on the "total damages determined by the trier of fact" because "there is a finding of comparative fault on the part of the employee"—is computed as: $116,192.53 (EP) / $2,500,000 (T) = .04647701(R). The amount thus owed to the insurer is: $673,494.20 (NR) X .04647701(R) = $31,302.[12]

## V.

■ In its second point, the insurer makes the related argument that the trial court's calculation ignored the jury's finding of 25 percent comparative fault and therefore is inequitable. The insurer's share was calculated using the plain language of the applicable statute, as detailed above. Section 287.150.3 dictates that the starting point from which to begin calculating the employer's share is the balance of the recovery less attorney fees and expenses. That figure here is $673,494.20. Where there is a finding of comparative fault, the ratio by which to compute the employer's share is determined by the jury's finding of "total damages," which was $2,500,000. As noted above, applying the insurer's proposal would be an affront to the statute's plain language.

In addition, the formula in section 287.150.3 reflects the relationship between the employer as payer of medical expenses and compensation and the total damages as determined by a trier of fact in a third-party action.[13] Because comparative fault is not applicable in a worker's compensation proceeding, but is applicable in the third-party action, the total damages found by the trier of fact are in line with the amount expended by the employer. The ratio fraction is applied to the net recovery, not the jury assessed total damages. Therefore, the finding of comparative fault is reflected in the amount of the settlement, which does reflect the employee's fault.

## VI.

The judgment is affirmed, though modified as set forth above, to correct the trial court's mathematical error.

STITH, PRICE and TEITELMAN, JJ., concur.

LIMBAUGH, C.J., dissents in separate opinion filed.

WOLFF and BENTON, JJ., concur in opinion of LIMBAUGH, C.J.

STEPHEN N. LIMBAUGH, JR., Chief Justice, dissents.

I respectfully dissent.

I would hold that the insurer's share of the settlement under section 287.150, RSMo, should be determined without reference to the verdict in the trial and the component finding of comparative fault. Obviously, the effect of the post-trial settlement was to annul the judgment and the

---

verdict. That is a situation that policy dictates avoiding.

To hold that the order vacating the judgment nullifies the underlying jury verdict and therefore wipes the slate clean would put undue emphasis on the formality of court approval of the settlement. Kerperien earned her jury verdict, and it should not be taken away lightly. This is in line with section 287.800, which states that worker's compensation laws "shall be liberally construed with a view to the public welfare."

**12.** The trial court properly followed the plain language of the statute, but improperly calculated this figure. *See supra* note 4.

**13.** Such observation need be attributed to Judge Paul Simon in his dissenting opinion in this case in the court of appeals.

verdict on which the judgment was based. *Brickner v. Normandy Osteopathic Hosp., Inc.*, 687 S.W.2d 910 (Mo.App.1985). In fact, according to the docket sheet of the United States District Court in which the trial was conducted—a matter appropriate for judicial notice—while post-trial motions were pending, the trial court expressly vacated the judgment in light of the parties' post-trial settlement. Thus, the finding of comparative fault is a nullity, and the final judgment, which was entered as a "Consent Judgment," has no finding of comparative fault. The General Assembly, in basing the apportionment between employer and employee on a "finding of comparative fault," could only have meant a finding that was final and valid. Ultimately, the section 287.150 alternative formula that is based on a finding of comparative fault cannot be invoked where the finding of comparative fault no longer exists.

For this reason, I would reverse the judgment and remand with directions to enter judgment for the insurers in the amount of $66,600.