Lana C. ELROD, Respondent/Cross–
Appellant,

v.

TREASURER OF MISSOURI AS CUS-
TODIAN OF The SECOND INJURY
FUND, Appellant/Cross–Respondent.

No. SC 85630.

Supreme Court of Missouri,
En Banc.

June 8, 2004.

Rehearing Denied Aug. 3, 2004.

Jeremiah W. (Jay) Nixon, Attorney General, Jefferson City, Kimberly R. Fournier, Asst. Attorney General, Kansas City, for appellant/cross-respondent.

Joseph K. Houts, St. Joseph, for respondent/cross-appellant.

DUANE BENTON, Judge.

The Labor and Industrial Relations Commission awarded Lana C. Elrod compensation from the Second Injury Fund. The state Treasurer, as custodian of the Fund, appeals pointing to the statute of limitations, and a lack of sufficient competent evidence. Elrod cross-appeals for permanent-total-disability benefits. After opinion by the Court of Appeals, this Court granted transfer. *Mo. Const. art. V, sec. 10.* Affirmed.

## I.

Working as a cook, Elrod slipped, injuring her left knee. On May 30, 1995, she filed a "Claim for Compensation" with the Division of Workers' Compensation, but left blank the section "Claim Against the Second Injury Fund."

Elrod had knee surgery in November 1995. Later, the knee locked, causing a fall and further injury. She had a second surgery in November 1997. Elrod has been unemployed since then. Her employer provided treatment for the knee until at least April 23, 1998.

On November 3, 1998, Elrod filed another claim for compensation, checking the box "amended claim." This time, she completed the section "Second Injury Fund Claim." She supplemented the original facts with details of her treatment, and additional "parts of body injured." In her claim against the Fund, Elrod asserted that preexisting injuries to her right ankle, right shin, and wrists—combined with the current injury to her left knee—caused permanent and total disability. In 1999 and 2000, she again supplemented her claim, eventually including preexisting disabilities from morbid obesity and diabetes.

The Administrative Law Judge held that Elrod's claim against the Fund was not barred by the statute of limitations in section 287.430. The ALJ also found: (1) Elrod's preexisting injury to her right ankle caused a 12.5% permanent-partial disability to the body as a whole; (2) the injury to her left knee had caused a 20% permanent-partial disability at the level of the knee; (3) the sum of these two disabilities was 159.5 weeks of compensation; (4) the combined condition of her right ankle, left knee, morbid obesity, and diabetes made her permanent-partial disability signifi-

cantly higher than the sum of injuries to her ankle and knee; (5) the combined conditions caused 81.875% permanent-partial disability to the body as a whole or 327.5 weeks; and (6) the difference is 168 weeks of compensation. The ALJ ordered the Fund to pay for permanent-partial disability, plus temporary-total-disability benefits related to another job Elrod held at the time of her knee injury. Both parties sought review by the Labor and Industrial Relations Commission. The Commission entered the final award.

## II.

█ The Fund argues that Elrod's claim is barred by the statute of limitations in section 287.430 [1] (emphasis added):

> Except for a claim for recovery filed against the second injury fund, no proceedings for compensation under this chapter shall be maintained unless a claim therefor is filed with the division within two years after the date of injury or death, or the last payment made under this chapter on account of the injury or death, except that if the report of the injury or the death is not filed by the employer as required by section 287.380, the claim for compensation may be filed within three years after the date of injury, death, or last payment made under this chapter on account of the injury or death.... *A claim against the second injury fund shall be filed within two years after the date of the injury or within one year after a claim is filed against an employer or insurer pursuant to this chapter, whichever is later.* ... In all other respects the limitations shall be governed by the law of civil actions.... The statute of limitations contained in this section is one of extinction and not of repose.

**1.** All statutory references are to RSMo 2000.

█ Workers' compensation is statutory. *Greenlee v. Dukes Plastering Service,* 75 S.W.3d 273, 276 (Mo. banc 2002). This Court ascertains the intent of the legislature by the plain and ordinary meaning of the law. *Id.* This Court "use[s] rules of statutory construction that subserve rather than subvert legislative intent. In addition, we will not construe the statute so as to work unreasonable, oppressive, or absurd results." *Kincade v. Treasurer of the State of Mo.,* 92 S.W.3d 310, 311 (Mo.App.2002). This Court's review of the interpretation of the statute is *de novo. Section 287.495; Endicott v. Display Technologies, Inc.,* 77 S.W.3d 612, 615 (Mo. banc 2002).

The purpose of workers' compensation is to compensate workers for job-related injuries. *Crabtree v. Bugby,* 967 S.W.2d 66, 72 (Mo. banc 1998). The law is liberally construed with a view to the public welfare. *Section 287.800.* Substantial compliance is sufficient to give effect to the Commission's awards. *Id.*

An employee may file against the Fund within one year after "a claim is filed against an employer." The Fund argues that "a claim" means the original claim against an employer—which Elrod filed on May 30, 1995. Her "amended" claim against the Fund was filed on November 3, 1998—over three years later. Under the Fund's interpretation, the claim is time-barred as to it, because the claim was not filed within "two years after the date of the injury or within one year after a claim is filed against an employer or insurer." *Section 287.430.*

Section 287.430, however, does not say "original claim," or even "the claim." Moreover, the workers' compensation statutes and regulations never mention the concept "amended claim." The statute

employs "a claim," which includes any timely claim. *Kincade,* 92 S.W.3d at 312.

The Fund's reading contradicts the statutory policy of workers' compensation. The Fund would often require a claimant to prove that "the combined effect of the primary and prior injuries will be permanently disabling without the benefit of sufficient recovery time or sufficient time for rehabilitation." *Kincade,* 92 S.W.3d at 312. This violates the purpose of workers' compensation—to compensate for employment-related injuries and encourage employment of the partially handicapped. *See Crabtree,* 967 S.W.2d at 72; *Grant v. Neal,* 381 S.W.2d 838, 841 (Mo.1964).

For purposes of 287.430, Elrod's claim against her employer was the amended claim of November 3, 1998—which simultaneously added the Fund. This was a bona fide claim, which reported more "parts of body injured." Elrod did not amend or supplement the original claim solely to extend the statute of limitations in section 287.430. The claim against the Fund is not time-barred.

### III.

■■■ According to the Fund, the Commission's award of permanent-partial disability is not supported by sufficient competent evidence that Elrod's preexisting disability and work-related injury combined for a greater disability than the sum of individual disabilities. Elrod cross-appeals, requesting permanent-total disability, not permanent-partial disability, because she cannot return to reasonable employment.

This Court defers to the Commission on issues of fact. *Section 287.495 RSMo; Endicott,* 77 S.W.3d at 615. The award is upheld unless the Commission acted beyond its power, the award was procured by fraud, the facts do not support the award, or the award is not supported by sufficient competent evidence in the record. *Section 287.495.1.*

■■■ To establish permanent-partial disability against the Fund, Elrod must prove that her present compensable injury, combined with preexisting permanent-partial disabilities, causes greater overall disability than the sum of the disabilities independently. *Cartwright v. Wells Fargo Armored Serv.,* 921 S.W.2d 165, 167 (Mo. App.1996). She must prove the nature and extent of any disability by a reasonable degree of certainty. *Downing v. Willamette Industries, Inc.,* 895 S.W.2d 650, 655 (Mo.App.1995).

Here, the Commission found preexisting morbid obesity, diabetes, and resulting complications, necessitating at least 60 medications for various problems. The Commission found her evidence credible.

Elrod met the burden that her preexisting injuries, coupled with the knee injury, caused a greater disability than the sum of independent injuries. The Commission's award of permanent-partial-disability benefits against the Fund is supported by sufficient competent evidence.

Elrod did not, however, prove permanent-total disability, which is the inability to return to any reasonable or normal employment. *Brown v. Treasurer of Missouri,* 795 S.W.2d 479, 483 (Mo.App.1990). The central question is whether a reasonable employer would hire Elrod in her present condition. *Id.*

■■■ Total disability preventing reasonable employment must be more than post-accident worsening of preexisting disabilities. *Lawrence v. Joplin R–VIII School Dist.,* 834 S.W.2d 789, 793 (Mo.App.1992). Elrod must show that the worsening was caused or aggravated by the primary injury. *Id.*

Elrod did not meet this burden. True, medical testimony showed she was unemployable, and could not perform a sedentary job. However, the doctors attributed this to neuropathy in her hands caused by preexisting diabetes—not her knee injury. Further, Elrod presented no evidence that her knee injury and preexisting injuries combined to make her totally disabled. The Commission's award is supported by sufficient competent evidence.

## IV.

The Commission properly held that Elrod's claim against the Second Injury Fund was within the statute of limitations in section 287.430. Further, there is sufficient competent evidence that she is entitled to benefits for permanent-partial disability, but not permanent-total disability.

The award of the Commission is affirmed.

All concur.