**MISSOURI HIGHWAY AND TRANS-
PORTATION COMMISSION, Re-
spondent,**

**v.**

**David MERRITT, Appellant.**

**No. ED 87198.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 12, 2006.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 24, 2006.

Application for Transfer Denied
Nov. 21, 2006.

Alan S. Mandel, St. Louis, MO, for appellant.

Debbie S. Champion, St. Louis, MO, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

David Merritt ("Employee") appeals from the judgment of the trial court ordering that the Missouri Highway and Transportation Commission ("Employer") be paid $66,666.67 on its subrogation claim for workers' compensation benefits paid to Employee, from a sum of $100,000 held in the court registry, the proceeds from a settlement of Employee's claim for damages against third parties.

Employee was injured while operating a truck for Employer when the truck was struck by a vehicle operated by Brian Lacey, an employee of Bates Sales Company ("Bates Sales"). Employee filed a statutory claim for workers' compensation for injuries that occurred within the course and scope of his employment. Employer paid $122,380.68 in workers' compensation benefits to Employee for his injuries and losses resulting from the accident of March 10, 1998.

Employee filed a common law action against Lacey and Bates Sales for his damages resulting from the accident. Employee's attorney, Alan Mandel, agreed to protect Employer's subrogation interest in Employee's claim against Lacey and Bates Sales. Employee subsequently settled his

claim against Lacey and Bates Sales for $100,000, the full amount of the insurance coverage available, and he and his attorney, collected $100,000 from the insurer. The attorney's fees were $33,333.33.

On May 6, 2003, Employer filed a petition against Employee claiming subrogation and conversion, and against Mandel alleging breach of fiduciary duty. Employee and Mandel filed answers. Mandel also filed a motion for interpleader, paid the disputed funds into the registry of the trial court, and was dismissed as a defendant. The parties filed a joint stipulation of facts, and the trial court held a hearing.

The trial court issued a judgment on September 29, 2005. Pursuant to Employee's motion to amend the judgment, which the trial court granted in part and denied in part, the trial court issued an amended judgment on October 17,2005. In the amended judgment, the trial court ordered that of the money in the court registry, $66,666.67 be paid to Employer and $33,333.33 be paid to Mandel as his attorney's fees. Employee now appeals.

In his first point relied on, Employee contends that the trial court erred in entering judgment in favor of Employer because it misapplied section 287.150 RSMo 2000[1] in that "the plain meaning of the statute leads to an ambiguous and illogical result, the legislative intent was not considered in applying the statute, and the underlying equitable nature of the statute was not applied in entering judgment."[2]

We will sustain the judgment of the trial court in a bench-tried case unless it is not supported by substantial evidence, is against the weight of the evidence, or the trial court erroneously declared the law or misapplied the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Statutory construction is a matter of law, not of fact, and accordingly our review is *de novo*, and we give no deference to the trial court's determination of law. *Westwood Partnership v. Gogarty*, 103 S.W.3d 152, 158 (Mo.App.2003).

This Court uses rules of statutory construction " 'that subserve rather than subvert legislative intent.' " *Oberreiter v. Fullbright Trucking Co.*, 117 S.W.3d

---

1. Section 287.150.3 provides as follows:

 3. Whenever recovery against the third person is effected by the employee or his dependents, the employer shall pay from his share of the recovery a proportionate share of the expenses of the recovery, including a reasonable attorney fee. After the expenses and attorney fee have been paid, the balance of the recovery shall be apportioned between the employer and the employee or his dependents in the same ratio that the amount due the employer bears to the total amount recovered if there is no finding of comparative fault on the part of the employee, or the total damages determined by the trier of fact if there is a finding of comparative fault on the part of the employee. Notwithstanding the foregoing provision, the balance of the recovery may be divided between the employer and the employee or his dependents as they may otherwise agree. Any part of the recovery

 found to be due to the employer, the employee or his dependents shall be paid forthwith and any part of the recovery paid to the employee or his dependents under this section shall be treated by them as an advance payment by the employer on account of any future installments of compensation in the following manner:
 (1) The total amount paid to the employee or his dependents shall be treated as an advance payment if there is no finding of comparative fault on the part of the employee; or
 (2) A percentage of the amount paid to the employee or his dependents equal to the percentage of fault assessed to the third person from whom recovery is made shall be treated as an advance payment if there is a finding of comparative fault on the part of the employee.

2. Unless noted otherwise, all further statutory citations are to RSMo 2000.

710, 714 (Mo.App.2003) (quoting *Kincade v. Treasurer of State of Missouri*, 92 S.W.3d 310, 311 (Mo.App.2002)). We will not construe a statute so as to work unreasonable, oppressive, or absurd results. *Id.* In the absence of a statutory definition, the words contained in a statute will be given their plain and ordinary meaning. *Id.* Provisions of a whole legislative act must be construed together, and all provisions must be harmonized if it is reasonably possible to do so. *Id.* If the language of the statute is clear and unambiguous, there is no room for statutory construction. *Owsley v. Brittain*, 186 S.W.3d 810, 815 (Mo.App.2006).

 "The workers' compensation statutes provide a no-fault system of compensation for workers." *Bi–State Development Agency v. Watson*, 40 S.W.3d 403, 405 (Mo.App.2001). The purpose of the subrogation statute is to benefit and protect the employer liable for compensation, and it is designed to provide indemnity for compensation payable by the employer. *Id.* The statute is designed to insure that there is not a double recovery by the injured employee, i.e. recovery from both an employer and from a third-party tortfeasor. *See id.; Rose v. Falcon Communications*, 6 S.W.3d 429, 431 (Mo.App. 1999).

Section 287.150.3 is not ambiguous. The method of apportioning the proceeds of a third-party recovery have been set forth in the statute and upheld and interpreted by case law. The Missouri Supreme Court in *Ruediger v. Kallmeyer Bros. Service*, 501 S.W.2d 56, 59 (Mo. banc 1973) interpreted section 287.150.3 to require the following method of calculation:

(1) the expenses of the third party litigation should be deducted from the third party recovery; (2) the balance should be apportioned in the same ratio that the amount paid by the employer at the time of the third party recovery bears to the total amount recovered from the third party; (3) the amounts due each should be paid forthwith; (4) the amount paid the employee should be treated as an advance payment on account of any future installments of compensation; and (5) in a case such as presented here, the employee should be entitled to future compensation benefits in the event the amount paid him as an advance is exhausted under the provisions of the statute.

Missouri courts have continued to use this method, and further clarified how to calculate it. *See Kerperien v. Lumberman's Mutual Casualty Co.*, 100 S.W.3d 778, 780 (Mo. banc 2003).[3] It applies when the employee and third-party tortfeasor effect a settlement as well. *See id. See also Bi–State Development Agency v. Gurley*, 101 S.W.3d 344 (Mo.App.2003); *Parker v. Laclede Gas Co.*, 770 S.W.2d 461 (Mo.App. 1989).

Employee acknowledges that the trial court followed the formula set forth by the Missouri Supreme Court in *Ruediger* and *Kerperien*, but contends that this leads to an illogical result. He contends that the

---

**3.** The Missouri Supreme Court in *Kerperien*, 100 S.W.3d at 780, summarized the calculation as follows:

The first step is to calculate the employee's net recovery:

Gross Recovery (GR)—Attorney's Fees (AF)—Expenses (E) = Net Recovery (NR)

The second step is to determine the ratio contemplated in the statute:

Employer's Payment (EP) / Total Amount Recovered or Total Damages (T) = Ratio (R)

The third step is to apply the ratio to the net recovery to determine subrogation amount: NR X R.

trial court should have followed *Barker v. H & J Transporters, Inc.* 837 S.W.2d 537 (Mo.App.1992), which he asserts modified the *Ruediger* formula, to avoid a purportedly unfair result. Assuming *arguendo* that *Barker* did purport to modify *Ruediger*, it would be inapplicable as we are constitutionally bound to follow the most recent controlling decisions of the Missouri Supreme Court, such as *Kerperien.* *Custer v. Hartford Ins. Co.*, 174 S.W.3d 602, 609 (Mo.App.2005). We further note that the appellate court in *Barker* stated that it was in fact applying the language of section 287.150.3 RSMo 1986, and the formula of *Ruediger.* *Barker*, 837 S.W.2d at 540–41.[4] It did not purport to modify the *Ruediger* formula.[5] In the present case, the trial court applied the correct formula as set forth in *Ruediger* and *Kerperien.*

▪ Applying the calculations in this case, Employer was entitled to the $66,666.67 remaining from the settlement proceeds after Mandel's attorney's fees of $33,333.33 were paid, and Employee receives nothing from the proceeds of the settlement. The issue is that Employee contends that the application of the plain, ordinary, unambiguous language of the statute to the facts in his case, as determined by the trial court, lead to an absurd result. We disagree.

▪ Nothing in the statute indicates that the legislature did not contemplate a situation in which the Employee would, after attorney's fees have been deducted, recover from the third-party tortfeasor an amount less than the employer or its in-

surer has or will be obligated to pay for workers' compensation. Simply put, in that circumstance the employer is indemnified for the entire amount recovered after the deduction of attorney's fees. This is not an absurd result. Under the subrogation statute, the employee becomes the trustee of an express trust for the benefit of the employer for that part of the recovery subject to subrogation. *See William H. Pickett, P.C. v. American States Family Insurance Co.*, 857 S.W.2d 309, 313 (Mo.App.1993); *Parker*, 770 S.W.2d at 463. Employee does not get a double recovery, and Employer does not receive any sort of windfall. The statute is clear and unambiguous and must be enforced as written. Point denied.

In his second point relied on, Employee argues that the trial court erred in applying section 287.150 because it violates the Missouri Constitution "in that it abrogates a remedy provided by law to injured persons, violates the open courts provision of the Missouri Constitution by barring access to a remedy and violates the equal protection laws found in Art. I, sec. [2] of the Missouri Constitution."

▪ The question of the constitutionality of section 287.150 is not properly before this Court. Employee failed to raise this issue at the earliest opportunity and failed to have the trial court rule on the issue of the constitutionality of the statute. *See Heidbrink v. Swope*, 170 S.W.3d 13, 15–16 (Mo.App.2005). Timeliness is a factor of particular import when the issue involved is a constitutional one.

---

4. The court in *Barker*, 837 S.W.2d at 541, noted that the *Ruediger* formula had been modified in *Parker v. Laclede Gas Co.*, 770 S.W.2d 461, 463–64 (Mo.App.1989) to take into account Missouri's adoption of comparative fault, but it did not otherwise claim to modify the *Ruediger* formula. Section 287.150.3 was thereafter changed to incorpo-

rate comparative fault, but that change does not affect this case.

5. In *Barker*, although stating that it was applying the *Ruediger* formula, the court inexplicably deviated from that formula by including the worker's compensation payments in the amount recovered from the third parties.

Constitutional questions must be raised at the earliest possible opportunity that good pleading and orderly procedure will permit given the circumstances. *Lindquist v. Scott Radiological Group, Inc.*, 168 S.W.3d 635, 654 (Mo.App.2005) (citing *Callier v. Director of Revenue*, 780 S.W.2d 639 (Mo. banc 1989)). To properly raise a constitutional issue, a party must: (1) raise the question at the first available opportunity; (2) specifically designate the constitutional provision alleged to have been violated, such as by explicit reference to the article and section, or by quotation from the particular provision; (3) state the facts showing the violation; and (4) preserve the constitutional question throughout for appellate review. *United C.O.D. v. State*, 150 S.W.3d 311, 313 (Mo. banc 2004); *Lindquist*, 168 S.W.3d at 654. Moreover, to preserve the issue for appellate review, the issue of the constitutional validity of a statute must not only have been presented to the trial court, but the trial court must have ruled thereon. *Lindquist*, 168 S.W.3d at 654. "The reason for this requirement is to prevent surprise to the opposing party and to permit the trial court an opportunity to fairly identify and rule on the issues." *State ex rel. Tompras v. Board of Election Commissioners of St. Louis County*, 136 S.W.3d 65, 66 (Mo. banc

2004), *cert. denied*, 543 U.S. 991, 125 S.Ct. 501, 160 L.E.2d 378 (2004). Employee did not assert the issue of the constitutionality of section 287.150 in his answer.[6] The first allegation of unconstitutionality appears in a memorandum filed by Employee and Mandel, which states "[t]he support for this position is grounded in the interpretation of section 287.150.3, R.S.Mo., the public policy against subrogation, and the constitutionality of subrogating a[n] employer to damages not paid, and equity." Even if this language had been asserted in Employee's answer, it would fall short of the requirements for properly raising a constitutional issue. Employee did not set forth his constitutional claims that are asserted in the appeal in his post-trial motion to amend the order and judgment. In that post-trial motion, Employee first contended that:

> [T]he 9/29 Order and Judgment was in error because the judgment is not supported by substantial evidence, is against the weight of the evidence and incorrectly declares and applies the law concerning the constitutionality of the statute in that the statute violates the equal protection clause, the rights of [Employee] to a remedy for his damages

---

6. In a jurisdictional memorandum filed at this Court's request, Employee contends that the issue was raised in his answer, citing to the legal file. That citation to Employee's answer does not raise the issue of the constitutionality of section 287.150.3. The affirmative and separate defenses portion of Employee's answer to which Employee cites states:

 1. That Plaintiff [Employer]'s petition fails to state a claim upon which relief can be granted against this Defendant [Employee].
 2. That the claimed amount by Plaintiff is excessive and fails to take into account Defendant Merritt's total damages.
 3. That this Court lacks subject matter jurisdiction because the plaintiff's sole remedy is to procure the benefits of the Workers['] Compensation Laws and Statutes of

Missouri and the Defendants [Employee and Mandel] are immune from civil liability.
 4. That Plaintiff failed to mitigate its damages, and any such damages, should be reduced accordingly.
 5. That subrogation under the facts of this case would violate the public policy of this State.
 6. That recovery to plaintiff would [ ] not be equitable under the law of this State.
 7. That plaintiff's claims are barred by the statute of frauds.
 8. That Defendant reserves the right to amend or add additional affirmative and separate defenses based on discovery and further proceedings.

and the compromise reached to create the workers['] compensation laws of this State.

Assuming *arguendo* that this is sufficiently specific to raise both Employee's appellate assertions that he is being denied equal protection and open access to the courts, it would still be too late. " 'An attack on the constitutionality of a statute is of such dignity and importance that the record touching such issues should be fully developed and not raised as an afterthought in a post-trial motion or on appeal.' " *Hollis v. Blevins,* 926 S.W.2d 683, 684 (Mo. banc 1996) (quoting *Land Clearance for Redevelopment Authority v. Kansas University Endowment Ass'n,* 805 S.W.2d 173, 175 (Mo. banc 1991)).

 Even assuming that the constitutional issues were timely and properly raised and preserved, we would still need to determine our jurisdictional authority to consider this constitutional challenge. The Missouri Supreme Court has exclusive jurisdiction in all cases involving the constitutional validity of a state statute by virtue of Article V., Section 3 of the Missouri Constitution. However, the mere assertion that a statute is unconstitutional does not deprive this Court of jurisdiction. *McCormack v. Capital Elec. Const. Co., Inc.,* 159 S.W.3d 387, 404 (Mo.App.2004). The constitutional claim must be real and substantial, not merely colorable. *Id.* In determining whether a constitutional claim is real and substantial or merely colorable, this Court makes a preliminary inquiry as to whether it presents a contested matter of right that involves fair doubt and reasonable room for disagreement. *Id.* If this initial inquiry shows that the claim is so legally or factually insubstantial as to be plainly without merit, the claim may be deemed merely colorable. *Id.*

 Our initial inquiries show that Employee's claims are not substantial and are plainly without merit, and accordingly are merely colorable, and this Court would have jurisdiction. The "Open Courts" provision of the Missouri Constitution, namely Article I, Section 14, prohibits any law that unreasonably or arbitrarily bars individuals or classes of individuals from accessing the courts in order to enforce recognized causes of action; in other words, it permits the pursuit in Missouri courts of causes of action recognized in substantive law. *See Kilmer v. Mun,* 17 S.W.3d 545, 549 (Mo. banc 2000); *Baker v. Empire Dist. Elec. Co.,* 24 S.W.3d 255, 265 (Mo.App.2000). It applies only to judicial or legislative acts that impose *procedural* bars to access to Missouri courts. *See Wheeler v. Briggs,* 941 S.W.2d 512, 514 (Mo. banc 1997); *Baker,* 24 S.W.3d at 259.

 Section 287.150 does not establish a procedural bar to access to Missouri courts. Employee had the right to sue Lacey and Bates Sales, and did so. Employee chose to settle his claim, rather than pursue it at trial and possibly obtain a greater award of damages from Lacey and Bates Sales. Section 287.150.3 does not erect any procedural bar to Employee's access to Missouri courts to pursue his cause of action.

 Employee also asserts that section 287.150 violates the Equal Protection clause of the Missouri Constitution, Article I, Section 2. The determination of an Equal Protection clause claim requires a two-step analysis. *Etling v. Westport Heating & Cooling Services, Inc.,* 92 S.W.3d 771, 774 (Mo. banc 2003). The first step is to determine whether a suspect class is burdened or disadvantaged, or if a fundamental right is impinged. *Id.* If there is no suspect class or fundamental right that is burdened, the review is limited to the determination of whether the classification is rationally related to a legit-

imate state interest. *Id.* Employee does not allege that a suspect class is involved, but does assert that a fundamental right is impinged on, i.e. the right of access to the courts for damages "in these situations." Assuming *arguendo* that access to courts is a fundamental right for purposes of equal protection law, we have already held that Employee was not denied access to Missouri's courts by section 287.150, and accordingly there is no violation of Employee's right to equal protection under the law. Point denied.

The judgment of the trial court is affirmed.

MARY K. HOFF, J., and NANNETTE A. BAKER, J., concur.

Before GLENN A. NORTON, C.J., KENNETH M. ROMINES, J., and ROY L. RICHTER, J.