Dear Representative Donnelly:
You have submitted the following question to this office for response:
 Does a doctor who, in good faith, determines that a patient is "physically disabled" pursuant to Section 301.142.1(4) violate Section 301.142.27 when he or she is diagnosing a patient within the scope of his or her practice?
Section 301.142, RSMo [L.2006, H.B. No. 1762, § A.][1] establishes the procedures and requirements for issuing and obtaining disabled license plates and windshield placards. Sections 301.142.7 and301.142.10 provide that physically disabled persons, as defined in Section 301.142.1(4), and certain others, may obtain disabled license plates and placards. Applications for disabled plates and placards must be made to the director of revenue, and must be accompanied by a statement, signed by a licensed physician or other authorized health care practitioner as defined in Section 301.142.1, which certifies that the applicant, user, or member of the applicant's household is a physically disabled person as defined in Section 301.142.1(4).
Section 301.142.27 imposes criminal liability for certain violations of Section 301.142:[2]
 Fraudulent application, renewal, issuance, procurement or use of disabled person license plates or windshield placards shall be a class A misdemeanor. It is a class B misdemeanor for a physician, chiropractor, podiatrist or optometrist to certify that an individual or family member is qualified for a license plate or windshield placard based on a disability, the diagnosis of which is outside their scope of practice or if there is no basis for the diagnosis.
When a statute is unambiguous, there is no need to resort to rules of statutory construction.Kerperien v. Lumberman's Mut. Cas. Co.,100 S.W.3d 778 (Mo. banc 2003). Section 301.142.27 is unambiguous as to the circumstances under which a physician, chiropractor, podiatrist, or optometrist (hereinafter "Provider") commits a class B misdemeanor under that section. A Provider commits a class B misdemeanor under that section when the Provider (1) certifies that an individual or family member is qualified for a license plate or windshield placard based on a disability and (2) the diagnosis of that disability is outside their scope of practice,[3] or there is no basis for the diagnosis.
Thus, if:
• a Provider diagnoses a patient within his or her respective scope of practice as physically disabled;
• the Provider certifies that the patient or member of the patient's household is qualified for a license plate or windshield placard based on that disability; and
• there is a basis for the diagnosis of that disability;
• the Provider does not violate Section 301.142.27.
In the event that the basis for a Provider's diagnosis is questioned with respect to Section 301.142, Section 301.142.5 offers Providers some guidance as to what documentation may help establish that there is a basis for the Provider's diagnosis. Section 301.142.5 requires a physician to maintain, in the disabled person's chart, "sufficient documentation so as to objectively confirm" that the diagnosis or condition that qualified the person as disabled under Section 301.142.1 exists.
 CONCLUSION
A doctor who determines that a patient is "physically disabled" under Section 301.142.1(4) does not violate Section 301.142.27, unless the diagnosis is outside the doctor's scope of practice or there is no basis for the diagnosis.
Very truly yours,
 JEREMIAH W. (JAY) NIXON, Attorney General
[1] All references to Section 301.142, RSMo, and its subsections are to this version.
[2] Section 301.141, RSMo Cum. Supp. 2005, also imposes criminal liability for certain violations of Section 301.142 by physicians and "other authorized healthcare practitioners" which, under Section301.142.1(3), now include advanced practice registered nurses licensed under Chapter 335, RSMo. However, the criminal liability imposed by Section 301.141, RSMo Cum. Supp. 2005, with respect to physicians and other authorized healthcare practitioners, is the same as the criminal liability imposed by Section 301.142.
[3] The scopes of practice of Providers are discussed in the Missouri statutes. The practice of medicine by physicians in Missouri is regulated by Chapter 334, RSMo. The practice of chiropractic in Missouri is regulated by Chapter 330, RSMo, and is defined in Section 331.010, RSMo Cum. Supp. 2005. The practice of podiatry in Missouri is regulated by Chapter 330, RSMo, and "podiatrist" is defined in Section 330.010.2, RSMo Cum. Supp. 2005. The practice of optometry in Missouri is regulated by Chapter 336, RSMo, and is defined in Section 336.010, RSMo 2000.