Howard WEBB, Plaintiff/Appellant,

v.

MISSOURI HIGHWAY AND TRANS-PORTATION COMMISSION, Defendant/Respondent.

No. 71488.

Missouri Court of Appeals, Eastern District, Division Two.

June 17, 1997.

Sharon A. Agee, Agee Law Firm, P.C., St. Louis, for plaintiff/appellant.

Milton C. Spaulding, Senior Assistant Counsel, Chesterfield, for defendant/respondent.

Before CRANE, P.J., and GERALD M. SMITH and PUDLOWSKI, JJ.

PER CURIAM.

Plaintiff, Howard Webb, filed a wrongful death action against the Missouri Highway and Transportation Commission for the death of his wife which occurred in a single car accident on a highway owned and maintained by the Commission. The trial court granted a directed verdict in the Commission's favor at the close of plaintiff's evidence. Plaintiff did not file a motion for new trial.

Plaintiff appeals from the judgment entered on the directed verdict. He claims that the trial court erred in excluding certain evidence and in denying his request for a continuance.

Rule 78.07 requires that all allegations of trial error must be raised in a motion for new trial to be preserved for appellate review. With few exceptions, none of which apply to this case, Rule 78.07 is applicable when directed verdicts are entered in jury-tried cases. *Brouk v. Brueggeate,* 849 S.W.2d 699, 702 (Mo.App.1993). An erroneously directed verdict is an error which must be raised in a motion for new trial to be preserved for appellate review. *Id.; CIT Group/Sales Financing Inc. v. Lark,* 906 S.W.2d 865, 869 (Mo.App.1995). Likewise errors in the exclusion of evidence or denial of a continuance must be raised in a new trial motion to preserve those errors for review. *Curt Ogden Equipment v. Murphy Leasing,* 895 S.W.2d 604, 610–11 (Mo.App.1995); *Mullen v. Kennard,* 674 S.W.2d 202, 204 (Mo. App.1984). The purpose of Rule 78.07 is to give the trial judge the opportunity to correct trial errors without the delay, expense, and hardship of an appeal. *Brouk,* 849 S.W.2d at 702. Because plaintiff did not file a motion for new trial, his claims of error are not entitled to consideration on the merits. *Id.; CIT,* 906 S.W.2d at 869.

Plaintiff has not requested that this court review for plain error pursuant to Rule 84.13. We may consider plain error affecting substantial rights on appeal if we find manifest injustice or miscarriage of justice has resulted therefrom. Rule 84.13(c); *CIT,* 906 S.W.2d at 869; *Brouk,* 849 S.W.2d at 702. We have *ex gratia* studied the briefs and the legal file and do not find plaintiff has sus-

tained manifest injustice or a miscarriage of justice as a result of the trial court's entry of judgment on a directed verdict.

The judgment of the trial court is affirmed.