Andrew MEYERS, Claimant–
Respondent,

v.

WILDCAT MATERIALS, INC.,
Employer–Appellant,

and

Zurich American Insurance
Co., Insurer–Appellant.

No. 28744.

Missouri Court of Appeals,
Southern District,
Division Two.

July 9, 2008.

78

Donald J. Fritschie of Wallace, Saunders, Austin, Brown & Enochs, Chartered, Kansas City, MO, for appellants.

William W. Francis, Jr., and Ryan E. Murphy of Placzek & Francis, Springfield, MO, for respondent.

GARY W. LYNCH, Chief Judge.

Wildcat Materials, Inc. ("Employer") and its insurer Zurich American Insurance Company, Inc. (collectively "Appellants") appeal the award by the Labor and Industrial Relations Commission ("Commission") for the payment of past medical expenses in favor of Andrew Meyers ("Claimant"). We affirm.

### Factual and Procedural Background

The facts found by the Administrative Law Judge ("ALJ") and incorporated by the Commission in its award are unchallenged and undisputed. Claimant went to work for Employer in April 2001. His job duties included loading, delivering, and unloading sheet rock and other building materials. It was labor-intensive work, which frequently involved lifting loads of one hundred pounds or more with a helper or alone, and also involved twisting and bending. When Claimant was not lifting and moving materials, he was driving or riding in a truck.

Claimant first experienced pain in his back or leg numbness in August 2003, at which time he sought medical treatment. The medical record for that treatment indicates that Claimant had no recent trauma, but "he does a lot of pulling and lifting in his work."

Five months later, on or about January 4, 2004, Claimant began experiencing a charley-horse pain in his left leg and sought emergency and then follow-up medical treatment. Claimant was given medical orders to remain off work. With considerable assistance from Employer's personnel office, Claimant completed a disability insurance application on which he indicated that his back problems were not work related.

Within a few days, Claimant was advised that he needed back surgery. Claimant informed Employer of the upcoming back surgery, and Employer consented to Claimant being off work for it. Claimant had the surgery in February, and on May 4, 2004, his surgeon released him with a permanent 50–pound lifting restriction and with a referral to another doctor for management of his complaints of back pain. Claimant incurred $34,204.51 in medical bills for his treatment.

Dr. Shane Bennoch testified that Claimant's back condition due to repetitive trauma may initially be asymptomatic and the onset is gradual. Even though Claimant was generally aware that repetitive trau-

ma, such as carpel tunnel syndrome, could be work related, Claimant did not know that back injuries, other than those due to singular traumatic events, were compensable under workers' compensation. Thus, at the time of his medical treatment in 2004, Claimant did not know that his need for medical treatment for his back pain was related to work involving repetitive trauma. Therefore, Claimant never requested medical treatment be provided by Employer, inquired of Employer about workers' compensation, or submitted medical bills to Employer for payment by Employer until after his surgery.

Likewise, Employer shared with Claimant the same general awareness that repetitive trauma could be work related, but did not consider or investigate whether Claimant's back pain and subsequent surgery was or could have been the result of repetitive trauma at work.

In their answer to Claimant's workers' compensation claim, Appellants generally denied any and all liability. Following a final administrative hearing on February 5, 2007, the ALJ issued an award finding, among other things, that Claimant's back condition was compensable as an occupational disease due to work-related repetitive trauma and ordered that Appellants reimburse Claimant for his past medical expenses, in addition to paying Claimant other workers' compensation benefits.

Appellants filed an application for review of the ALJ's award with the Commission. The Commission affirmed the ALJ's decision on the issue relevant to this appeal and incorporated the ALJ's decision in its award. This appeal followed.

### Standard of Review

■■■ "In reviewing a workers' compensation award, we review the findings of the Commission and not those of the ALJ." *Banks v. Springfield Park Care Center*, 981 S.W.2d 161, 163 (Mo.App. 1998). Where, as here, the Commission's award attached and incorporated the ALJ's award and decision, we consider the findings and conclusions of the Commission as including the ALJ's award. *Id.*

When a worker's compensation claim is appealed, we review only questions of law. Section 287.495.1 RSMo (2000). We may modify, reverse, remand for hearing, or set aside awards based on factual determinations only on the grounds prescribed by statute: (1) that the Commission acted without or in excess of its powers; (2) that the award was procured by fraud; (3) that the facts found by the Commission do not support the award; or (4) that there was not sufficient competent evidence in the record to warrant the making of the award. *Id.* We review the Commission's award to determine whether the award is "supported by competent and substantial evidence upon the whole record."

*Dubose v. City of St. Louis*, 210 S.W.3d 391, 393–394 (Mo.App.2006) (quoting *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222–23 (Mo. banc 2003)). While we defer to the Commission on issues of fact, we review issues of law *de novo*. *Id.* (citing *Endicott v. Display Technologies, Inc.*, 77 S.W.3d 612, 615 (Mo. banc 2002)).

### Discussion

Appellants raise one question of law in their sole point relied on. They claim the Commission misapplied sections 287.140.1 [1]

---

**1.** All references to statutes herein are to RSMo 2000. Chapter 287 was substantially amended in 2005. However, such amendments do not apply to this case, as the date of injury was January 4, 2004, which was prior to the effective date of the 2005 amendments.

and 287.140.10 in ordering them to pay Claimant's past medical expenses of $34,204.51 because Claimant "obtained [such] medical treatment on his own and ... [Employer] was not afforded the opportunity to authorize [the] medical treatment."

Section 287.140 provides, in pertinent part:

1. [T]he employee shall receive and the employer shall provide such medical, surgical, chiropractic, and hospital treatment, including nursing, custodial, ambulance and medicines, as may reasonably be required after the injury or disability, to cure and relieve from the effects of the injury. If the employee desires, he shall have the right to select his own physician, surgeon, or other such requirement at his own expense.

* * * *

10. The employer shall have the right to select the licensed treating physician, surgeon, chiropractic physician, or other health care provider; provided, however, that such physicians, surgeons or other health care providers shall offer only those services authorized within the scope of their licenses[.]

Section 287.140.

Appellants argue that "the law on this point is clear and unambiguous." Appellants point out that Employer has the right "to direct medical care and treatment." Section 287.140.10. Appellants then contend that Claimant, in contravention of that right, selected his own medical providers, as he had a right to do under section 287.140.1, but that when he did so, as the statute explicitly further provides, it was at his own expense. Therefore, Appellants conclude, the Commission erred as a matter of law in ordering them to reimburse Claimant for his past medical expenses.

Appellants support their argument by citation to *Blackwell v. Puritan–Bennett Corp.*, 901 S.W.2d 81 (Mo.App.1995), which states:

The intent of the statute is obvious. An employer is charged with the duty of providing the injured employee with medical care, but the employer is given control over the selection of a medical provider. It is *only* when the employer fails to do so that the employee is free to pick his own provider and assess those costs against his employer. Therefore, the employer is held liable for medical treatment procured by the employee *only* when the employer has notice that the employee needs treatment, or a demand is made on the employer to furnish medical treatment, and the employer refuses or fails to provide the needed treatment.

*Blackwell*, 901 S.W.2d at 85 (emphasis added) (citing *Hawkins v. Emerson Electric Co.*, 676 S.W.2d 872, 880 (Mo.App. 1984)). Appellants reason then that the Commission's finding that Claimant "never sought or received authorized treatment" from Employer precluded the Commission as a matter of law from ordering Employer to reimburse Claimant for the past medical expenses.

■ The first flaw in Appellants' argument is that they completely ignore the first proviso of the sentence in section 287.140.1 related to the exercise of an employee's right to select his own medical providers. *"If the employee desires,* he shall have the right to select his own physician, surgeon, or other such requirement at his own expense[.]" Section 287.140.1 (emphasis added). We cannot ignore this phrase because in construing a statute every clause is given some meaning. *Wilson v. Traders Ins. Co.*, 98 S.W.3d 608, 618 (Mo.App.2003). A desire to choose one's own medical provider can only arise when

an employee has knowledge of the existence of a work-related injury needing medical treatment and can, thus, voluntarily elect to forego the employer's obligation to provide medical treatment. Here, Claimant's lack of knowledge that he had sustained a work-related injury at the time that he sought medical treatment precluded Claimant from having such a desire and distinguishes the instant case from *Blackwell* and its preceding supporting cases. In each such case, the claimant had knowledge of a work-related injury at the time the injury occurred and before seeking and receiving any medical treatment. *Blackwell*, 901 S.W.2d at 82 (claimant lifted a box, felt a twinge in his back and notified his supervisor the next day); *Hawkins*, 676 S.W.2d at 874 (claimant lost her balance and "cricked" her back when a 35-pound motor she was handling on an assembly line got "hung" in a machine); *Anderson v. Parrish*, 472 S.W.2d 452, 453 (Mo.App.1971) (furnace blew up upon claimant's fifth attempt to light it); *Gonzales v. Johnston Foil Mfg. Co.*, 305 S.W.2d 45, 47 (Mo.App.1957) (claimant fell backward in a sitting position striking her buttocks and back across a wood rung and her head on a concrete floor); *Sams v. Hayes Adhesive Co.*, 260 S.W.2d 815, 816 (Mo.App.1953) (claimant knocked to the floor by falling stack of bags of starch and immediately felt a sharp pain in his right side); *Kopolow v. Zavodnick*, 177 S.W.2d 647, 647 (Mo.App.1944) (claimant injured his right side and back as the result of falling from a scaffold). Therefore, in the absence of Claimant's desire—voluntary election—to forego the employer's obligation to provide medical treatment, section 287.140.1 has no applicability to our analysis of the Commission's award. Section 287.140.1.

Because of the unique facts of this case where neither the Claimant nor the Employer had knowledge of or was aware that Claimant had suffered a work-related injury at the time that Claimant sought and was provided necessary medical treatment for that injury, neither party has been able to provide us with any relevant authority as to the application of the other provisions of section 287.140 to either party's liability for the payment of that medical treatment. Likewise, in our research we have not found any relevant authority. Apparently as a case of first impression, we will proceed with our analysis of Appellants' argument.

The second flaw in Appellants' argument is that they ignore the Commission's finding that Employer suffered no prejudice as a result of Claimant's medical treatment. See *Wiedower v. ACF Industries, Inc.*, 657 S.W.2d 71, 74 (Mo.App.1983). Appellants do not challenge this finding in this appeal.

The third and fatal flaw in Appellants' argument is the underlying assumption that Employer's right to select medical providers granted in section 287.140.10 trumps Claimant's right to receive medical treatment for his work-related injury, as granted in section 287.140.1. We find no support for this assumption.

Section 287.140.1 clearly provides that "the employee shall receive and the employer shall provide" medical treatment for his work-related injury. Section 287.140.1. Likewise, section 287.140.10 clearly provides that "[t]he employer shall have the right to select" the medical providers for an employee's treatment. Section 287.140.10. Neither provision when read in isolation is ambiguous. However, given the facts in this case, we are faced with no alternative other than one of the statutory provisions must give way to the other. Either Claimant's right under section 287.140.1 to receive medical treatment for his work-related injury will prevail and Employer's right under section 287.140.10

to select the medical providers will be denied, or Employer's right to select will prevail and Claimant will be denied his right to receive medical treatment for his work-related injury.

 "All canons of statutory construction are subordinate to the requirement that the court ascertain and apply a statute in a manner consistent with the legislative intent." *Williams v. Nat'l Cas. Co.*, 132 S.W.3d 244, 249 (Mo. banc 2004) (quoting *Budding v. SSM Healthcare Sys.*, 19 S.W.3d 678, 682 (Mo. banc 2000)). "We use rules of statutory construction that subserve rather than subvert legislative intent." *Kincade v. Treasurer of State of Missouri*, 92 S.W.3d 310, 311 (Mo.App.2002)(citing *Jenkins v. Missouri Farmers Ass'n, Inc.*, 851 S.W.2d 542, 545 (Mo.App.1993)). "The purpose of Missouri's Workers' Compensation Law is 'to place upon industry the losses sustained by employees resulting from injuries arising out of and in the course of employment.'" *Anderson ex rel. Anderson v. Ken Kauffman & Sons Excavating, L.L.C.*, 248 S.W.3d 101, 108 (Mo.App.2008) (quoting *Schoemehl v. Treasurer of State*, 217 S.W.3d 900, 901 (Mo. banc 2007)). In effectuating this purpose the legislature provided, at the time of Claimant's injury, that all of the provisions of the workers' compensation law "shall be liberally construed with a view to the public welfare[.]" Section 287.800. Thus, "[i]n workers' compensation cases, we broadly and liberally interpret the law with a view to the public interest and with an understanding that the law is intended to extend its benefits to the largest possible class." *Kincade*, 92 S.W.3d at 311–312 (citing *Wolfgeher v. Wagner Cartage Serv., Inc.*, 646 S.W.2d 781, 783 (Mo. banc 1983)).

■ Applying these principles to the case at bar, we find that if an employee seeks necessary medical treatment for a work-related condition without knowledge at the time of that treatment that the condition was work related and the employer is not prejudiced by such treatment, then a liberal construction of 287.140 requires the employer to reimburse the employee for such medical treatment under section 287.140.1 even though the employer did not have the opportunity to select the treatment providers as granted by section 287.140.10. Accordingly, the Commission did not err in ordering Employer to reimburse Claimant for his past medical expenses.

### Decision

The Commission's award is affirmed.

BARNEY, P.J., and BURRELL, J., concur.