**STATE of Missouri, ex rel. Chris KOSTER, Attorney General, State of Missouri, Respondent,**

v.

**Dane S. JOHNSON, Appellant.**

**No. WD 72657.**

Missouri Court of Appeals,
Western District.

May 29, 2012.

Bail Bond.

Dane S. Johnson, Appellant pro se.

Megan K. Fewell, Jefferson City, MO, for respondent.

Before Division Three: THOMAS H. NEWTON, Presiding Judge, JAMES M. SMART, JR., Judge and GARY D. WITT, Judge.

GARY D. WITT, Judge.

Dane Johnson appeals the denial of his Motion to Set Aside Default Judgment by the Circuit Court of Cole County. We reverse and remand.

## Factual Background

Dane Johnson ("Johnson") is incarcerated by the Missouri Department of Corrections. On March 27, 2009, the State filed a petition in Cole County seeking a judgment against Johnson, pursuant to the Missouri Incarceration Reimbursement Act ("MIRA"), sections 217.825–217.841,[1] to reimburse the State for the costs of Johnson's incarceration. On May 31, 2009, the motion court ordered Johnson to respond to the petition in writing on or before June 3, 2009, to show cause why an order should not be entered against him to reimburse the State a certain portion of his cost of imprisonment. On June 2, 2009, Johnson filed his written answers to the State's interrogatories with the motion court but failed to send a copy of those answers to the State. This is the only correspondence Johnson had with the court prior to June 3, 2009. On June 11, 2009, the motion court entered a default judgment against Johnson, ordering him to reimburse the State for the costs of his incarceration pursuant to MIRA.

On June 7, 2010, Johnson filed a Motion to Set Aside Default Judgment, arguing that the default judgment was entered by mistake and he had a meritorious defense to the MIRA action. The motion court denied Johnson's motion because the court found that he had "failed to both demonstrate excusable neglect and a meritorious defense to a MIRA action." Johnson now appeals the motion court's denial of his motion to set aside the default judgment entered against him.

## Standard of Review

■ The sole issue on appeal is whether the motion court abused its discretion in denying Johnson's Motion to Set Aside Default Judgment pursuant to Rule 74.05(d).[2]

A motion to set aside a default judgment is governed by Rule 74.05(d), which provides that a default judgment may be set aside "[u]pon motion stating facts constituting a meritorious defense and for good cause shown." (Emphasis added.) The trial court is vested with discretion to rule upon a motion to set aside a default judgment and we will not disturb a trial court's ruling under Rule 74.05(d) absent an abuse of discretion. *Brungard v. Risky's Inc.*, 240 S.W.3d 685, 688 (Mo. banc 2007).

*Agnello v. Walker*, 306 S.W.3d 666, 672–73 (Mo.App. W.D.2010). However, Missouri courts disfavor default judgments and prefer that cases be decided on the merits where possible. *Id.* (citing *Brungard*, 240 S.W.3d at 687–88). Therefore, the trial court has broader discretion in granting a motion to set aside a default judgment than it has in overruling such a motion. *Id.* (citing *In re Marriage of Callahan*, 277 S.W.3d 643, 644 (Mo. banc 2009)).

## Analysis

■ In his first Point, Johnson argues the motion court erred in denying his motion to set aside the default judgment because MIRA does not require the response to a show-cause order to be in any specific form and, therefore, his filing of his responses to the State's interrogatories with the motion court asserting he has no assets was a sufficient response to the court's show-cause order.

Rule 74.05(d) provides that an entry of default judgment may be set aside "[u]pon motion stating facts constituting a meritorious defense and for good cause shown."

---

1. All statutory citations are to RSMo 2000 as updated through the 2011 Cumulative Supplement, unless otherwise indicated.

2. All rule citations are to the Missouri Supreme Court Rules (2011), unless otherwise indicated.

Johnson first argues that he has shown "good cause" to set aside the default judgment because the default judgment was improperly entered in that he had complied with the court's show-cause order. Rather than file a traditional responsive pleading, Johnson filed with the motion court his answers to the State's interrogatories which inquired into his assets. The State argues that this was insufficient.

Under Rule 74.05(d), "Good cause" is defined to include "a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." This Court faced and addressed a similar issue in *State ex rel. Koster v. Quick* where an inmate responded to a MIRA show-cause order by sending "a letter to the trial court alleging he had no assets, which was filed by the circuit clerk with the court." 332 S.W.3d 199, 202 (Mo.App. W.D.2010). In *Koster,* the trial court proceeded to trial, rather than entering a default judgment as is the issue before us today. In *Koster,* the State argued that the trial court erred in entering judgment for the inmate because the letter submitted by the inmate was not sufficient to rebut the state's *prima facie* case. This Court disagreed and found that "MIRA does not require the response to a show cause order to be in any specific form, and we will not read such into the statute." *Id.; see* section 217.835. MIRA is a unique cause of action created by statute. The statute does not require the same formal rules for pleading as in a traditional civil action. In a traditional civil action, no show cause order would be required before a default judgment could be entered. However, under the unique statutory action created under MIRA, no formal responsive pleading is required. Following the State's petition, the trial court is required to send the defendant a show cause order, and set the case for a hearing on the complaint and show cause order.

In this case, the show-cause order issued by the motion court merely ordered Johnson to "respond to the petition in writing showing cause why an order should not be entered" ordering him to pay the costs of his incarceration. Johnson's written responses to the State's interrogatories, which were filed with the motion court before the deadline established by the show cause order, informed the court that Johnson did not believe he had sufficient assets to warrant a MIRA judgment against him. This complies with the court's order which only required a "response to the petition in writing showing cause why an order should not be entered" against him. We find that Johnson's response, answering the interrogatories given him by the State and explaining why he believed he did not have sufficient assets to warrant a MIRA action against him, is sufficient to constitute a proper response to the motion court's MIRA show-cause order. Because Johnson had complied with terms of the motion court's show cause order, Johnson's conduct cannot have been "intentionally or recklessly designed to impede the judicial process." *Rule* 74.05(d). Therefore, we find that the motion court erred in determining that Johnson had failed to show "good cause" why the default judgment should be set aside.

■ However, this is not the end of the inquiry, in addition to the good cause showing required by the Rule, Johnson must also show that he has a meritorious defense to the MIRA petition. *See* Rule 74.05(d). In Point Two, Johnson argues the motion court erred in denying his motion to set aside his default judgment because he had a meritorious defense to the MIRA petition in that the motion court failed to consider the sworn affidavit of a mortgage broker wherein she conceded that she had made a mistake in preparing

the deed to his home and having it signed and, therefore, he did not actually have an interest in that property.

In order to show a meritorious defense, a party need not present extensive and airtight evidence. [*Heintz Elec. Co. v. Tri Lakes Interiors, Inc.*, 185 S.W.3d 787, 791 (Mo.App. S.D. 2006).] He or she need only make some showing of at least an arguable theory of defense. *Id.* "Meritorious defense" has been interpreted liberally to mean " 'any factor likely to materially affect the substantive result of the case.' " *Id.* at 792 (quoting *Tinsley v. B & B Engines, Inc.*, 27 S.W.3d 859, 861 (Mo.App.2000)). This concept is not intended to impose a high hurdle, but is meant to allow the case to be decided on its merits where there are legitimate issues to be considered. *Id.* A party satisfies the requirement if he or she sets forth allegations which, if supported by evidence, would defeat or adversely affect the plaintiff's claim. [*Winsor v. Terex–Telelect–Inc.*, 43 S.W.3d 460, 466 (Mo.App. W.D.2001).] Whether the evidence is credible is to be determined after the default judgment is set aside at a subsequent trial on the merits. *Id.*

*Pyle v. FirstLine Transp. Sec., Inc.*, 230 S.W.3d 52, 60 (Mo.App. W.D.2007).

The State discovered that Johnson has an interest in real property in Clay County, Missouri and attached to its MIRA Petition a warranty deed that conveyed the property to him. Also attached to the Petition was a copy of the Clay County Assessor's appraised value of the property. This real property and an amount totaling three hundred dollars in Johnson's inmate account were the only assets identified in the MIRA petition. Johnson claimed in his interrogatories that the deed that conveyed the property to him was prepared and signed by mistake; Johnson attached to his Motion to Set Aside Default Judg-

ment a signed affidavit from his mortgage broker, which stated that she "misunderstood the instructions" when she prepared the deed and had it signed. The mortgage broker stated in the affidavit, dated June 1, 2010, that "[a] clerical error was made and the deed never should have been prepared or signed." On appeal, Johnson claims that this constitutes a "meritorious defense" against the MIRA petition. The State argues to the contrary and asserts that even if the deed was executed by mistake, it is presumed to constitute a valid conveyance and the only recourse Johnson would have would be against the mortgage broker or her employer and not an invalidation of the MIRA judgment.

The State is quite correct when it asserts that if a contract "appears to be a complete agreement on its face, it is conclusively presumed to be a final agreement between the parties." *Id.* (citing *CIT Grp./Sales Fin. Inc. v. Lark*, 906 S.W.2d 865, 868 (Mo.App. E.D.1995)). The parol evidence rule then prohibits evidence of prior or contemporaneous agreements to alter the "contradict the terms of an unambiguous and complete contract absent fraud, common mistake, accident or erroneous admission." *Id.* However, "when there is clear evidence of fraud or mistake, even parties to the deed may introduce parol evidence to effect reformation of the defective deed." *Robson v. Diem*, 317 S.W.3d 706, 714 (Mo.App. W.D.2010) (citing *Ethridge v. TierOne Bank*, 226 S.W.3d 127, 132 (Mo. banc 2007)). Here it seems that Johnson is arguing that the creation of the deed in the first instance was based on a mistake of some kind and he has the affidavit of his mortgage broker to support his assertion.

Pursuant to the MIRA statutory scheme, once the State has asserted good cause to believe there are assets available to satisfy a MIRA judgment,

"offenders can challenge the attorney general's finding of good cause and the trial court may review the sufficiency of the evidence to determine whether this requirement is satisfied." [*State ex rel. Nixon v. Peterson*, 253 S.W.3d 77, 83–84 (Mo. banc 2008).] By raising a factual issue as to the existence of sufficient assets, an offender becomes entitled to an evidentiary hearing on the good cause determination. *Id.*

*State ex rel. Nixon v. Jordan*, 258 S.W.3d 529, 532 (Mo.App. W.D.2008). Johnson has raised a factual issue as to the existence of sufficient assets; whether he indeed has an interest in this real property or he has no interest in it because the conveyance was a mistake in the first instance. This is a factual issue and raises a possible defense to the MIRA judgment which we find justifies an evidentiary hearing on the good cause determination. Again, for a motion to set aside a default judgment, the petitioner need only present an "arguable theory of defense." *Pyle*, 230 S.W.3d at 60.

Johnson has shown good cause to set aside his default judgment and has presented, in the abstract, an arguably meritorious defense to the MIRA petition, as required by Rule 74.05(d). As previously stated, Missouri law and Missouri courts prefer that cases be decided on the merits where possible and the trial court's discretion to overrule a motion to set aside a default judgment is narrower than its discretion to grant such a motion. *Agnello*, 306 S.W.3d at 673. Therefore, we find the motion court has abused its discretion in rejecting Johnson's motion to set aside the default judgment previously entered against him.

Since we have decided that the motion court erred and the case should be remanded back to the motion court, it is unnecessary to address Johnson's Point Three on Appeal, in which he additionally argues he had a meritorious defense to the MIRA Petition because he has substantial encumbrances on the property that diminish its value to such a degree that under the MIRA statutes he has no assets that could be used for reimbursement.[3]

## Conclusion

The case is reversed and remanded back to the Circuit Court of Cole County for further proceedings consistent with this opinion.

All concur.

---

**3.** In *State ex rel. Koster v. Quick*, this Court held that the net equity of the homestead is the proper value to consider when the good cause determination is made rather than fair market value. However, *Koster* had not yet been decided when the motion court ruled in the case at bar. 332 S.W.3d 199, 205–06 (Mo.App.W.D.2010).