

# In the Missouri Court of Appeals
## Western District

STACY HOLLIFIELD,                    )
                    Respondent,    )        WD84857
v.                                   )
                                     )        FILED:  November 8, 2022
LAS CUMBRES, LLC,                    )
                    Appellant.    )

## APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
### THE HONORABLE MARY F. WEIR, JUDGE

### BEFORE DIVISION TWO: LISA WHITE HARDWICK, PRESIDING JUDGE,
### THOMAS N. CHAPMAN AND JANET SUTTON, JUDGES

Las Cumbres, LLC, appeals the judgment denying its motion to set aside the default judgment entered against it on a petition for breach of warranty of habitability filed by Stacy Hollifield.  In the default judgment, the court ordered Las Cumbres to pay Hollifield $9,616.  Las Cumbres contends the circuit court erred in finding it failed to set forth a meritorious defense to Hollifield's claim.  Because Las Cumbres sufficiently alleged two meritorious defenses to Hollifield's claim, we reverse the circuit court's judgment and remand for further proceedings consistent with this opinion.

FACTUAL AND PROCEDURAL HISTORY

Hollifield leased a residence in Kansas City from Las Cumbres for $795 per month beginning in June 2020.  On April 6, 2021, Hollifield filed a petition for breach of warranty of habitability in the Jackson County Associate Circuit Division against Las Cumbres alleging that the residence was uninhabitable due to several unsafe and dangerous conditions, specifically, the furnace did not operate; water leaked from the kitchen pipes and ceiling; two burners on the stove did not operate; windows could not be opened; electrical wiring was exposed; the electrical panel box was corroded and improperly wired; and the subfloor girder, interior floors, attic rafters, and interior walls were sagging and could collapse.  Hollifield requested an award of previously made lease payments, additional living expenses, attorney fees, and costs.

Las Cumbres was served with process on April 13, 2021.  The summons indicated a hearing was scheduled for May 19, 2021.  Las Cumbres did not file an answer and did not appear at the May 19, 2021 hearing.  Following the hearing, the court entered a default judgment in favor of Hollifield.  Based on the pleadings and evidence adduced at the hearing, the court found that Las Cumbres owed Hollifield $8,250 in previously made lease payments, $500 in additional living expenses, $750 in attorney fees, and $116 in costs, for a total of $9,616.

On May 22, 2021, counsel entered his appearance on behalf of Las Cumbres and filed a motion to set aside the default judgment, which counsel later amended.  In the amended motion, Las Cumbres alleged it had three meritorious

defenses to Hollifield's petition: (1) there was no justiciable controversy between Las Cumbres and Hollifield because Las Cumbres was not the legal owner of the property and had no legal interest in it, so the lease agreement was null and void and Las Cumbres had no duties to Hollifield as a landlord; (2) Hollifield prevented Las Cumbres from repairing the conditions listed in the petition by preventing Las Cumbres's representative from entering the premises and by calling the police, who instructed the representative not to enter the property without Hollifield's consent; and (3) Hollifield withheld rent due, which Las Cumbres asserted should be set off against the damages Hollifield claimed. Las Cumbres further alleged that counsel's failure to appear at the May 19, 2021 hearing was the result of an "honest mistake" due to counsel's misunderstanding and incorrectly calendaring the appearance date. To support these allegations, Las Cumbres attached, *inter alia*, an affidavit from its corporate representative, Guillermo Luna, Jr.

The court held a hearing on Las Cumbres's amended motion to set aside the default judgment. Following the hearing, the court entered its judgment denying the motion. The court found that, on March 10, 2021, Las Cumbres had filed an unlawful detainer action against Hollifield attesting in its verified petition that it was the owner and/or landlord of the property, it had the legal right to immediate possession of the property because the lease in question had been violated, and it was entitled to back rent, double rent, attorney fees, and costs from Hollifield. Therefore, the court found that Las Cumbres's defense that it was

3

not the owner of the property and had no legal interest in the property was without merit.

Las Cumbres filed a motion asking the court to reconsider the denial of the motion to set aside on the basis that the court did not rule on whether its other two asserted defenses, that Hollifield prevented its representative from entering the premises to make repairs and that Hollifield withheld rent due, were meritorious. The court denied the motion to reconsider, explaining that, by claiming in this case that Las Cumbres had absolutely no title or interest in the property after claiming in the unlawful detainer case that Las Cumbres was the owner and/or landlord of the property, Las Cumbres's affiant, Luna, "attempted to perpetrate a fraud on the [c]ourt." Thus, the court found that Luna "is not credible nor are his claims of a meritorious defense on behalf of" Las Cumbres. For clarity purposes, the court amended its original judgment denying the motion to set aside the default judgment to state that Las Cumbres's "claimed meritorious defenses are neither credible nor with merit." Las Cumbres appeals.

STANDARD OF REVIEW

We review the circuit court's denial of a Rule 74.05(d) motion to set aside a default judgment for an abuse of discretion. *Vogel v. Schoenberg*, 620 S.W.3d 106, 111 (Mo. App. 2021). An abuse of discretion occurs when the "ruling is clearly against the logic of the circumstances then before the trial court and is so unreasonable and arbitrary that the ruling shocks the sense of justice and indicates a lack of careful consideration." *Id.* (citation omitted). Because public

4

policy favors resolving cases on the merits, we accord more deference to the circuit court's decision to set aside a default judgment and "are more likely to reverse a judgment denying a motion to set aside a default judgment than one granting relief." *Id.*

## ANALYSIS

In Point I, Las Cumbres contends the court erred in denying its motion to set aside the default judgment on the ground that it failed to set forth a meritorious defense. Las Cumbres argues that it set forth two defenses that would have defeated or "adversely affected" Hollifield's breach of warranty of habitability claim, namely, that Hollifield prevented it from entering the residence to make repairs and Hollifield withheld rent due, which Las Cumbres asserts would have defeated or substantially reduced Hollifield's claim for a refund of the previously made rent payments.[1]

Rule 74.05(d) provides that a default judgment may be set aside "[u]pon motion stating facts constituting a meritorious defense and for good cause shown," as long as the motion to set aside is filed "within a reasonable time not to exceed one year after the entry of the default judgment." As the party seeking to set aside the default judgment, Las Cumbres had the burden to show both a meritorious defense and good cause. *Vogel*, 620 S.W.3d at 111. The failure to

[1] Las Cumbres does not appeal the circuit court's determination that its asserted defense that it was not the owner of the property and had no interest in the property was not credible and was without merit; therefore, we will not review it.

establish either element requires that the motion to set aside the default judgment be denied. *Id.*

This court has described the showing necessary to satisfy the meritorious defense requirement:

> In order to show a meritorious defense, a party need not present extensive and airtight evidence. He or she need only make some showing of at least an arguable theory of defense. "Meritorious defense" has been interpreted liberally to mean any factor likely to materially affect the substantive result of the case. This concept is not intended to impose a high hurdle, but is meant to allow the case to be decided on its merits where there are legitimate issues to be considered. A party satisfies the requirement if he or she sets forth allegations which, if supported by evidence, would defeat or adversely affect the plaintiff's claim. Whether the evidence is credible is to be determined after the default judgment is set aside at a subsequent trial on the merits.

*State ex rel. Koster v. Johnson*, 367 S.W.3d 636, 640 (Mo. App. 2012) (internal quotation marks and citations omitted).

To make a claim for breach of the implied warranty of habitability, a tenant has to prove: "(1) entry into a lease for residential property; (2) the subsequent development of dangerous or unsanitary conditions on the premises materially affecting the life, health and safety of the tenant; (3) reasonable notice of the defects to the landlord; and (4) subsequent failure to restore the premises to habitability." *Moser v. Cline*, 214 S.W.3d 390, 395 (Mo. App. 2007) (citation omitted).

In its amended motion, Las Cumbres alleged that Hollifield prevented it from repairing the conditions listed in her petition by preventing its representative

6

from entering the residence and by calling the police, who advised Las Cumbres's representative that he would need Hollifield's permission to enter the residence. These allegations were material to the fourth element of Hollifield's claim – Las Cumbres's failure to restore the premises to habitability. If Las Cumbres could support these allegations with evidence, they would provide a meritorious defense. Similarly, if Las Cumbres had evidence to support its allegation that Hollifield withheld rent due, that would affect the damages to which she was entitled, specifically, the amount of her previously made rent payments.

Although the circuit court found the allegations in Las Cumbres's motion regarding these two asserted meritorious defenses were not credible because Las Cumbres's affiant, Luna, was not credible, the court's credibility finding was premature. Credibility "is to be determined after the default judgment is set aside at a subsequent trial on the merits." *Johnson*, 367 S.W.3d at 640 (internal quotation marks and citations omitted). Las Cumbres set forth two arguable theories of defense that would, if supported by evidence, materially affect the substantive result of the case. The court abused its discretion in finding that Las Cumbres failed to allege meritorious defenses in its motion to set aside the default judgment. Point I is granted.

In Point II, Las Cumbres contends the circuit court erred in denying its motion to set aside the default judgment because it established good cause. Las Cumbres asserts that, during the hearing on the motion to set aside the default judgment, the court "accepted" counsel's explanation for his failure to appear at

7

the May 19, 2021 hearing and "did not take exception" with counsel's contention that his failure to appear was the result of "an honest mistake and unintentional misunderstanding."

Because the circuit court found that Las Cumbres failed to allege a meritorious defense, it did not make any finding as to whether Las Cumbres showed good cause to set aside the default judgment. We cannot determine if the record supports Las Cumbres's assertions about what occurred during the hearing on the motion to set aside the default judgment because Las Cumbres did not file a transcript of the hearing as part of the record on appeal.[2] Therefore, we remand the case to the circuit court to determine whether Las Cumbres showed good cause to set aside the default judgment. If the court determines that Las Cumbres showed good cause, then it shall set aside the default judgment. Point II is granted, in part, and denied, in part.

## CONCLUSION

The judgment is reversed, and the cause is remanded for further proceedings in accordance with this opinion.

_____
LISA WHITE HARDWICK, JUDGE

ALL CONCUR.

---

[2] Las Cumbres asserts that it properly requested a transcript and includes the written request it filed seeking the transcript. We cannot discern from the record before us why Las Cumbres did not receive the transcript.

8