

# Missouri Court of Appeals
## Southern District

### In Division

COLLEEN EIKMEIER and WILLIAM
S. LOVE,

    Plaintiffs-Appellants,

v.

    No. SD38515

GRANITE SPRINGS HOME OWNERS
ASSOCIATION, INC.
A Missouri Not-For-Profit Corp.,

    **Filed: May 13, 2025**

    Defendant-Respondent.

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Daniel R. Wichmer

**<u>AFFIRMED</u>**

This appeal of a declaratory judgment requires us to determine whether a recently-enacted statute bars the enforcement of an existing subdivision covenant. In what appears to be a case of first-impression, the circuit court declared that the statute at issue only applies prospectively, and therefore, the statute could not prohibit the enforcement of the pre-existing covenant. Finding no error in that declaration of law, we affirm.

1

**Background**

In 2003, the Granite Springs Subdivision ("Subdivision") was platted by a land developer ("Developer"), and Developer filed a Master Declaration of Covenants, Conditions, and Restrictions ("the CCR") that controlled the design and construction of homes within Subdivision. Article III, section 4(j) of the CCR, titled "Antennae, Satellite Dish, Solar Panels & Poles[,]" provides:

> *No* television, radio, citizens band, short wave or other antenna, nor any satellite dish greater than 18" in diameter, *solar panel*, clothesline or pole, or other unsightly projection shall be *attached to the exterior of any residence or erected on any Lot* [(emphasis added)].

In 2022, Colleen Eikmeier and William S. Love ("Plaintiffs") purchased a lot in Subdivision. Shortly thereafter, Plaintiffs began to build a home on the lot. The parties agree that the CCR was in effect when Plaintiffs purchased their lot and began constructing their home, and Plaintiffs were aware of the provisions set forth in the CCR. The parties also agree that section 4(j) of the CCR prohibits the installation of solar panels upon Plaintiffs' lot or home ("the solar-ban covenant").

Plaintiffs' claim on appeal is that the enactment of section 442.404.3 ("the Statute") allows Plaintiffs to install solar panels on their home despite the existence of the solar-ban covenant. The Statute was signed by the governor in August, 2022, and the legislature expressly stated that the new law would become effective on January 1, 2023.

The Statute provides:

(1) No deed restrictions, covenants, or similar binding agreements running with the land shall limit or prohibit, or have the effect of limiting or prohibiting, the installation of solar panels or solar collectors on the rooftop of any property or structure.

(2) A homeowners' association may adopt reasonable rules, subject to any applicable statutes or ordinances, regarding the placement of solar

panels or solar collectors to the extent that those rules do not prevent the installation of the device, impair the functioning of the device, restrict the use of the device, or adversely affect the cost or efficiency of the device.

(3) The provisions of this subsection shall apply only with regard to rooftops that are owned, controlled, and maintained by the owner of the individual property or structure.

In 2023, Plaintiffs sued the Granite Springs Home Owners Association, a non-profit corporation ("Defendant"), after Defendant rejected -- based upon the solar-ban covenant -- Plaintiffs' request to install solar panels on their home's roof. Plaintiffs' petition sought a declaration that the solar-ban covenant violated the Statute by prohibiting, or having the effect of prohibiting, the installation of solar panels on Plaintiffs' roof. Plaintiffs also sought a permanent injunction that would prohibit Defendant from enforcing the solar-ban covenant.[1]

Following a bench trial, the circuit court entered its final judgment in favor of Defendant, declaring that the solar-ban covenant is "not ambiguous" and created "a clear prohibition of solar panels" within Subdivision. The circuit court also rejected Plaintiffs' claim that the Statute is purely procedural and thereby may be applied retroactively. Instead, the circuit court concluded that the Statute was substantive, which meant that Plaintiffs had failed to overcome the presumption that a substantive statutory provision operates only prospectively.[2] Finally, the circuit court found neither express language

---

[1] Plaintiffs' prior request for a preliminary injunction was denied by the circuit court after a hearing.

[2] The ruling was consistent with Defendant's primary argument -- asserted in its opening statement -- that

it's unconstitutional to apply the [S]tatute retroactively. You can in two situations.

Number one is if the [S]tatute itself indicates that it's retroactive, which it does not in this situation. And [n]umber two, Your Honor, it can be applied retroactively if it's procedural only. I don't believe this is procedural, so I think the Court of Appeals and the Supreme Court issue cases that any application of this with regard to a document

3

nor any necessary and unavoidable implication that the legislature intended the Statute to apply either retroactively or retrospectively.[3]

### Standard of Review & Relevant Definitions

"The standard of review in declaratory judgment cases is the same as in any other court-tried case." *West 39th Street, LLC v. Lina, LLC*, 702 S.W.3d 219, 223 (Mo. App. W.D. 2024) (quoting *Kerperien v. Lumberman's Mut. Cas. Co.*, 100 S.W.3d 778, 780 (Mo. banc 2003)). "This Court will affirm the decision of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Id.* (quoting *Kerperien*, 100 S.W.3d at 780) (internal quotations omitted). "The interpretation of a Missouri statute is a question of law this Court reviews *de novo*." *Black River Motel, LLC v. Patriots Bank*, 669 S.W.3d 116, 127 (Mo. banc 2023). "This Court's primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue." *Ivie v. Smith*, 439 S.W.3d 189, 202 (Mo. banc 2014) (quoting *Parktown Imps., Inc. v. Audi of Am., Inc.*, 278 S.W.3d 670, 672 (Mo. banc 2009)).

"Statutes are generally presumed to operate prospectively, unless the legislative intent that they be given retroactive operation clearly appears from the express language of the act or by necessary or unavoidable implication." *Dep't of Soc. Servs. v. Villa*

---

that was filed 20 years before would be unconstitutional. That would be our first and primary argument, Your Honor.

[3] Plaintiffs argue that the circuit court allegedly "fail[ed] to properly analyze the necessary and unavoidable implication of [section] 442.404.3[.]" However, after reviewing the circuit court's judgment, we believe the circuit court did consider the alleged necessary and unavoidable implication of the Statute. The circuit court mentions the applicable rule and then discusses the delayed effective date that Plaintiffs believe demonstrates the necessary and unavoidable implication of the legislature's enactment was that the Statute would be applied retroactively.

***Capri Homes, Inc.***, 684 S.W.2d 327, 332 (Mo. banc 1985) (internal citation omitted).

Statutes prospective in operation apply only to "future events" that occur after the

statute's effective date. *See Statute, Black's Law Dictionary* (12th ed. 2024). In contrast,

a statute that is retrospective or retroactive in operation "looks backward or contemplates

the past[.]" *See **State v. Thomaston***, 726 S.W.2d 448, 459 (Mo. App. W.D. 1987)

(quoting *Black's Law Dictionary* 1184 (5th ed. 1979)).

Unfortunately, the distinction between a retroactive statute and a retrospective

statute has often been conflated in our case law. As our supreme court has clarified, "The

two concepts are different." ***Cedar Cnty. Comm'n v. Governor Michael Parson***, 661

S.W.3d 766, 774 (Mo. banc 2023). Retroactive application of a statute is permitted under

our constitution. ***Id.*** But retrospective application is barred by article I, section 13, of the

Missouri Constitution, which mandates "[t]hat no . . . law . . . retrospective in its

operation . . . can be enacted." The critical difference "is that when a law makes only a

*procedural* change, it is not *retrospective* and hence can be applied *retroactively*."

***Thomaston***, 726 S.W.2d at 460 (emphasis added).

A statute "is *retrospective* in operation if it takes away or impairs vested or

substantial rights acquired under existing laws *or* imposes new obligations, duties, or

disabilities with respect to past transactions." ***Cedar Cnty. Comm'n***, 661 S.W.3d at 774

(quoting ***Hess v. Chase Manhattan Bank***, 220 S.W.3d 758, 769 (Mo. banc 2007)); *see*

*also **Thomaston***, 726 S.W.2d at 460 ("a law is retrospective and thus not retroactive if it

affects the substantive or vested rights of a party and by contrast if a law is procedural

only and does not affect the substantive rights of a party it is *retroactive* but not

*retrospective*"). "Retrospectivity is a substantive limitation on the General Assembly's

5

authority to enact laws, i.e., the Missouri Constitution forbids the General Assembly from enacting retrospective laws." *Cedar Cnty. Comm'n*, 661 S.W.3d at 774 (citing *Lincoln Credit Co. v. Peach*, 636 S.W.2d 31, 34-35 (Mo. banc 1982)).

Whether the legislature intended prospective application only or intended that the statute "looks or acts backward" is a matter of statutory construction that "logically precedes the question" of the statute's constitutionality under article I, section 13 of the Missouri Constitution. *See Goad v. Treasurer of State*, 372 S.W.3d 1, 6-7 n.4 (Mo. App. W.D. 2011); *see also Cedar Cnty. Comm'n*, 661 S.W.3d at 774 (citing *Callahan v. Cardinal Glennon Hosp.*, 863 S.W.2d 852, 872 (Mo. banc 1993)) ("Retroactivity is a matter of statutory construction, i.e., retroactive application must be compelled by or necessarily inferred from the language of the statute").

## Analysis

Plaintiffs' first point on appeal claims:

> The trial court erred in determining that § 442.404.3 applies prospectively from January 1, 2023, because the necessary and unavoidable implication of the amended § 442.404.3 and the delayed effective date indicate the Legislature intended for the statute to apply retroactively, in that the trial court improperly based its judgment on only the lack of express language in the amended § 442.404.3 to show the legislative intent and did not properly analyze the necessary and unavoidable implication as controlling Missouri Supreme Court case law requires.

We disagree. Plaintiffs have implicitly conceded that no express language within the Statute demonstrates a legislative intent to make the law either retroactive or retrospective. Instead, Plaintiffs claim that the necessary and unavoidable implication of the Statute's enactment indicates that the legislature intended the Statute to overcome the presumption that it would only apply prospectively.

6

Plaintiffs' primary argument in support of that claim is that the law should apply backward from its effective date based upon the approximately four-month delay between the passage of the Statute and its effective date. Plaintiffs also point to the legislature's historic support for solar energy, first evidenced in 1979, when the legislature declared "the right to utilize solar energy is a property right[.]" Section 442.012.1, RSMo 2016. And more recently, when the legislature enacted section 386.890, RSMo Cum. Supp. 2022, which required electricity suppliers to offer net-metering connections to customers who wanted to connect their solar systems to the power grid and get paid for electricity they contribute to the grid. Finally, Plaintiffs argue that it would be senseless for the legislature to give property owners four months to file covenants prohibiting solar panels in contravention of the legislature's long-standing policy position favoring solar panel usage, so the legislature must have intended that the Statute would apply backward to covenants filed prior to the Statute's January 1, 2023, effective date. Again, we disagree.

Meeting the "necessary and unavoidable" standard is a high bar, *see **St. Louis Cnty. v. Univ. City***, 491 S.W.2d 497, 499 (Mo. banc 1973) (highlighting the Supreme Court's "strong reluctance" to apply a new statute to the year of passage absent express language within the act), and "retrospective or retroactive legislation is not favored" due to "fundamental notions of justice[,]" *see* 82 C.J.S. Statutes § 564 (2024). In this case, both Plaintiffs and Defendant have presented dueling, plausible (but speculative) reasons as to why the legislature might have decided to delay the effective date of the Statute to the first day of the new year. We conclude that the circuit court did not err in finding that a general support for solar energy and speculation about why the Statute was scheduled to

7

become effective on January 1, 2023, is inadequate to demonstrate that the legislature intended by necessary and unavoidable implication to overcome the presumption of prospective application of the Statute.

Because the circuit court did not err in concluding that Plaintiffs failed to overcome the presumption that the Statute would only apply prospectively, and that conclusion is dispositive of this appeal, we do not reach Plaintiffs' second point that claims applying the Statute backward would be a permissible procedural change (thus qualifying for a retroactive application) and not a substantive change barred by the Missouri constitutional provision against retrospective statutes.

The judgment of the circuit court is affirmed.


DON E. BURRELL, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCURS

MATTHEW R. HAMNER, J. – CONCURS